■ In the Matter of BARBARA McGINLEY, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* prohibit the Special Nursing Home Prosecutor from pursuing a Grand Jury investigation of Brunswick Hospital, its employees and suppliers, the appeal is from a judgment of the Supreme Court, Suffolk County, entered February 25, 1980, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted, without prejudice to the Special Prosecutor to seek an order of resubmission. Special Term erred in holding that the petitioner, who is the Director of Nursing, Psychiatric Division, at Brunswick Hospital does not have standing to bring this proceeding. The Grand Jury is investigating Brunswick Hospital, its employees and suppliers. The petitioner, who has not been immunized or yet offered immunity, is thus a potential target of the investigation. Moreover, the Special Prosecutor should have applied to the court for an order of resubmission. Our review of the minutes of the September 1978 Grand Jury proceedings reveals that the Grand Jury sat on 28 separate occasions, heard testimony from 43 witnesses (some of whom were recalled on more than one occasion), and received numerous documents into evidence. At the conclusion of the May 25, 1979 session, the

following colloquy transpired between the Assistant Special Prosecutor and two of the grand jurors: "[PROSECUTOR]: Yes. My plan right now is to bring Mr. Director in first and do some questioning until a certain hour. I don't expect too much longer with Mr. King, but I would like to get Mr. Director in at the beginning as soon as they are here, and finish off Mr. King before we adjourn for the day. A JUROR: Do you feel once you get Mr. Director out of the way and Mr. King, that you wouldn't have too much more testimony for this entire case? [PROSECUTOR]: I think not, as far as I'm concerned. THE PREVIOUS JUROR: So could it be possible to extent, say to the end of June and recess for the summer and come back in September? [PROSECUTOR]: Sure. THE PREVIOUS JUROR: We'd like to think about something like that. [PROSECUTOR]: Something like that would be possible." Nevertheless, in spite of the Special Prosecutor's admission that he would not have too much more testimony for the entire case, he decided to withdraw the investigation from the Grand Jury on June 22, 1979, without a vote being taken. Our view of the record as of that date indicates that virtually no incriminating evidence had been adduced against Brunswick Hospital, its agents or suppliers. In other words, there was no concrete evidence on which a true bill could have been voted. It thus appears that withdrawal of the case from the September 1978 Grand Jury took place because of the possibility that the Grand Jury would vote against indictment. Under these circumstances, the Special Prosecutor should have obtained court approval for resubmission to the October 1979 Grand Jury (see *People v Rodriguez,* 11 NY2d 279; see, also *People v Nicholas,* 35 AD2d 18). The Special Prosecutor argues before this court that he never actually finished his investigation and thus an order of resubmission was not necessary. We disagree because the record reveals otherwise. As noted earlier, on May 25, 1979, the Special Prosecutor informed the prior Grand Jury that he had only a few witnesses remaining until the end of the case. Nevertheless, after hearing all or most of these remaining few witnesses, he withdrew the investigation. However, a review of the minutes of the proceedings before the October 1979 Grand Jury shows that, before this court stayed all further proceedings, testimony had been heard from 12 witnesses, only one of whom appeared before the prior Grand Jury. In addition, the Special Prosecutor informs us that there are 11 remaining prospective witnesses, 9 of whom did not testify before the previous Grand Jury. It would seem, then, that the Special Prosecutor's admission to the September 1978 Grand Jury that he only had a few remaining witnesses was either erroneous or misleading. In either event, the nature of the new investigation, based upon the testimony of almost entirely different witnesses, indicates that it is not merely a more complete presentation of that which was attempted before the prior Grand Jury. Our conclusion is that the Special Prosecutor must seek an order of resubmission if he is to continue his investigation of this matter (see CPL 190.75). Hopkins, J. P., Lazer, Cohalan and O'Connor, JJ., concur.