OPINION OF THE COURT
Chief Judge Wachtler.
This appeal requires us to determine whether a prosecutor may withdraw a case from the Grand Jury after presentation of the evidence, and resubmit the case to a second Grand Jury without the consent of either the first Grand Jury or the court which impaneled it. We conclude that such withdrawal is the equivalent of a dismissal by the first Grand Jury, and that the prosecution may only resubmit the charges with the consent of the court. We, therefore, reverse the order of the Appellate Division and dismiss the indictment with leave to the District Attorney to apply for an order permitting resubmission of the charges to another Grand Jury.
The defendant was charged with murder in the second degree after fatally shooting his victim during a dispute. His case was presented to a Grand Jury, but it was withdrawn before a vote on whether to issue an indictment. Presentation *272 of the case to a second Grand Jury resulted in an indictment charging the defendant with murder in the second degree. A trial on that charge ended in a mistrial when the jury announced it could not reach a verdict.
During that trial, defense counsel learned of the prosecutor’s withdrawal and resubmission of the case. After the mistrial, the defendant moved for an evidentiary hearing on the circumstances of the resubmission. Granting the motion, the court concluded that there was no statute controlling whether the People could "abort a Grand Jury presentation in progress, and under what circumstances * * * Therefore, in the opinion of the court, each situation must be examined individually to determine whether the prosecution’s conduct was proper within the facts of that case or whether it was merely a pretext to circumvent the function of the Grand Jury.” (95 Misc 2d 737, 739.)
The hearing court concluded that the prosecutor acted in good faith in withdrawing the matter from the first Grand Jury, based on the following findings: The main reason the prosecutor withdrew the matter was his inability to produce two witnesses the Grand Jury requested, the arresting officer and a witness then known only as Freída.[1] The detective assigned to locate her could not find Freída, and the Appearance Control Board (the Police Department’s liaison with the. District Attorney’s office) informed the prosecutor that the arresting officer was either on terminal leave or vacation and in any event could not be produced. Meanwhile, the prosecutor was directed to proceed to trial on another matter. On the last day of the first Grand Jury’s term, therefore, he asked another assistant to withdraw the case. The withdrawal was without the consent of the Grand Jury or the court.
After the mistrial, the defendant was tried a second time and convicted upon a jury verdict of first degree manslaughter. Sentence was imposed, and the Appellate Division affirmed the conviction, without opinion. The sole ground tendered on this appeal in support of the defendant’s claim for reversal is the withdrawal and resubmission of the charges against him at the Grand Jury level. Were the subjective good faith of the prosecutor in withdrawing and resubmitting the charges against the defendant the dispositive issue on this appeal, we would summarily affirm. The undisturbed finding *273 of the hearing court that the prosecutor acted in good faith is beyond the review powers of this court if, as here, it is supported by evidence in the record (see, e.g., People v Harrison, 57 NY2d 470, 477).
That the prosecutor acted in good faith does not resolve the issue whether he had the legal authority to act, however. At common law a prosecutor could resubmit charges without limitation to successive Grand Juries until one voted an indictment (People ex rel. Flinn v Barr, 259 NY 104, 107-108; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75, pp 342, 343). However, just as the Grand Jury serves to insulate citizens from prosecutorial excesses (People v Pelchat, 62 NY2d 97, 104; People v Iannone, 45 NY2d 589, 594), the Legislature recognized a need to insulate the Grand Jury process from the excesses which would flow from domination by a prosecutor (see, People v Di Falco, 44 NY2d 482, 487). The result was section 270 of the former Code of Criminal Procedure, which prohibited the resubmission of dismissed charges without leave of court (People ex rel. Flinn v Barr, supra, at p 108). It became further necessary to curb the power of the courts, as well, which the Legislature did by limiting the number of authorized resubmissions to one (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75, p 343).[2] Thus, if the withdrawal of this case from the first Grand Jury is the equivalent of a dismissal by that Grand Jury of the charges against the defendant, the prosecutor could not lawfully resubmit the matter without leave of the court.
The comprehensive statutory scheme regulating Grand Jury proceedings does not contemplate the termination of deliberations without some action by the Grand Jury. Thus, CPL 190.60 gives the Grand Jury a limited range of dispositions after hearing and examining evidence,[3] including either indict *274 ing the defendant or dismissing the charges. In this case, the required concurrence of 12 grand jurors to a dismissal (CPL 190.25 [l])[4] was not obtained because the question was not put to a vote.
Generally once a Grand Jury hears evidence in a case presented to it, the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the extent to which the Grand Jury considered the evidence and the charge. Thus, where a particular charge had not even been presented to a Grand Jury considering another charge against the defendant, this court held the first charge could not be considered dismissed: "Before a grand jury may be said to have acted upon a charge, there must be some indication that it knew about and considered the charge” (People v Nelson, 298 NY 272, 276; see also, People ex rel. Raimondi v Jackson, 277 App Div 924, lv denied 301 NY 816). However, the presentation need not be complete for consideration equivalent to a dismissal to occur. In Mooney v Cahn (79 Misc 2d 703), for example, the prosecutor failed to direct the Grand Jury to act on the evidence he had presented; nonetheless, the court declined to allow the District Attorney to continue the prosecutions (79 Misc 2d, at p 706). In Matter of McGinley v Hynes (75 AD2d 897, revd on other grounds 51 NY2d 116, cert denied 450 US 918), the court held there had been the equivalent of a dismissal on facts nearly identical to those in the case now before us — withdrawal of a case near the end of the presentation of the evidence and before giving either a charge or an instruction to deliberate.
In the case before us, the first presentation was, as far as the prosecution was concerned, complete. Contrary to the assertions of the dissent, the District Attorney need not have formally rested and charged the Grand Jury before that body may be held to have considered and acted upon the charge. Indeed, in Matter of McGinley v Hynes (75 AD2d 897, supra), it was clearly held that the Grand Jury had heard and consid *275 ered enough to render the withdrawal of the case equivalent to a dismissal, even though the prosecutor conceded that he had not finished presenting his case and certainly could not at that point have formally instructed the Grand Jury on the law. Moreover, the Appellate Division in McGinley, while concluding that the prosecutor’s unauthorized resubmission to a second Grand Jury was improper, found that his estimate to the first Grand Jury that he had only a few more witnesses to present was "either erroneous or misleading”, which is hardly an explicit finding of bad faith.
Here, the presentation had progressed further than that in McGinley — as far as the prosecutor was concerned, all witnesses had testified, and all that was left was to instruct the Grand Jury on the law. This progress was what compelled the court in McGinley, and what compels us in this case, to hold that the prosecutor’s unilateral withdrawal so late in the game must be deemed a dismissal, regardless of the good faith of the withdrawal. Such conclusion is in keeping with the "beneficent purpose” of CPL 190.75 (3), which "must be interpreted fairly to carry out the policy which it was enacted to accomplish” and which "should not be nullified by a narrow technical construction which would * * * destroy its spirit” (People ex rel. Flinn v Barr, 259 NY, at pp 109, 108, supra).
The dissent and the People can cite no authority which directly supports the contention that the District Attorney possesses inherent power to withdraw a case from Grand Jury consideration.[5] This lack of any judicial or legislative acknowledgement of authority is understandable. An explicit recognition of such power by this court would furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but "open and shut” cases and resubmitting them after further preparation or a more compliant Grand Jury is impaneled. Moreover, it would make a mockery of the legislative command that the District Attorney serve as legal advisor to the Grand Jury (CPL 190.25 [6]), because it would allow the prosecutor to circumvent the statutory command that an "affirmative official action or decision” of the Grand Jury requires the concurrence of 12 of its members, not the *276 sole whim, or even considered judgment, of the prosecutor. As legal advisor to the Grand Jury, the District Attorney should also have known that the Legislature has provided a solution for the dilemma that occurs when a presentation has not been completed by the end of the Grand Jury’s term: extension of the term, as authorized by CPL 190.15 (1), upon a declaration of need by both the prosecutor and the Grand Jury. Indeed, the term of the first Grand Jury to which this defendant’s case was presented was extended as to another matter, indicating both the prosecutor’s knowledge of this option and its feasibility.
If, as the dissent suggests, there are reasons which routinely and legitimately require withdrawal or interruption of a Grand Jury presentation, such as illness or vacation of a witness, then surely the Grand Jury involved would understand and agree to an extension of its term. Even if it did not, the prosecutor would always have the fallback of obtaining court approval for resubmission, which, if the reasons tendered are indeed legitimate, should be granted. The dissent would have dismissal depend on a finding of prosecutorial bad faith. That, in turn, would require, in every case, a hearing with its attendant cost and delay. On the other hand, a request to the Grand Jury to extend its term can be made informally by merely asking for a vote on the question, and if 12 grand jurors do not concur, leave to resubmit could be sought in most instances by a motion, which the court could grant or deny on the papers alone.
 The resubmission of this defendant’s case to a second Grand Jury without leave of court, because it violated the proscription of CPL 190.75 (3), constituted a failure to conform to the requirements of article 190[6] "to such degree that the integrity thereof is impaired” (cf. People ex rel. Flinn v Barr, supra). Prejudice to the defendant may have resulted both because the first Grand Jury, had it been given the opportunity to act pursuant to statute, may very well have dismissed the charges, given the lack of testimony from anyone who had *277 actually seen the defendant shoot at and hit the victim, and because, had leave been sought to resubmit the charges, it may have been denied (see, Matter of McGinley v Hynes, supra).'[7] Under these circumstances, notwithstanding the permissive language in CPL 210.20 (1) (c),[8] the denial of the defendant’s motion constituted an abuse of discretion as a matter of law.
Accordingly, we reverse the order of the Appellate Division affirming the defendant’s conviction and dismiss the indictment. Because our reversal vacates the second, unauthorized Grand Jury presentation, we grant leave to the District Attorney to apply for an order permitting resubmission of the charges to another Grand Jury.

. Freída was eventually located after the conclusion of the Grand Jury proceedings, and testified for the People at the second trial.

. The statute which presently controls, CPL 190.75 (3), provides: "3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”

. CPL 190.60 provides:
"After hearing and examining evidence as prescribed in section 190.55, a grand jury may:
"1. Indict a person for an offense, as provided in section 190.65;
"2. Direct the district attorney to file a prosecutor’s information with a local criminal court, as provided in section 190.70;
*274 "3. Direct the district attorney to file a request for removal to the family court, as provided in section 190.71 of this article;
"4. Dismiss the charge before it, as provided in section 190.75;
"5. Submit a grand jury report, as provided in section 190.85.”

. CPL 190.25 (1) provides: "1. Proceedings of a grand jury are not valid unless at least sixteen of its members are present. The finding of an indictment, a direction to file a prosecutor’s information, a decision to submit a grand jury report and every other affirmative official action or decision requires the concurrence of at least twelve members thereof.”

. For example, the case primarily relied upon, People ex rel. Raimondi v Jackson (277 App Div 924, Iv denied 301 NY 816), merely held that habeas corpus would not lie to review an indictment resulting from an allegedly unauthorized resubmission. In dictum, the court noted: "Here there was no dismissal [of the charge by the first Grand Jury]. It does not appear that there was any consideration, action, vote or return” (277 App Div, at p 924).

. The controlling statutory authority is CPL 210.35, which provides in pertinent part:
"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 [i.e., will be properly dismissed upon motion] when: * * *
"5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”

. [4] We decline the prosecutor’s invitation to adopt the rule of United States v Mechanik (475 US —, 106 S Ct 938) that conviction after trial renders a defect in Grand Jury proceedings harmless error. Our statute, CPL 210.35 (5), provides for dismissal upon the mere possibility of prejudice, and we have consistently held that defects in Grand Jury proceedings (as opposed to claims of insufficiency of evidence to support the indictment, which are barred by CPL 210.30 [6]) may be raised even after a plea of guilty (see, e.g., People v Dunbar, 53 NY2d 868).

. CPL 210.20 (1) (c) provides:
"1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * *
"(c) The grand jury proceeding was defective, within the meaning of section 210.35”.