OPINION OF THE COURT
Joseph Harris, J.
Defendant moves for inspection of the Grand Jury minutes and dismissal of the indictment.
On July 31, 1985, the defendant above named was indicted and charged with seven counts of the crime of offering a false instrument for filing in the first degree, a class E felony, in violation of section 175.35 of the Penal Law, and seven counts of filing or causing to be filed any return or statement which is willfully false, in violation of article 12-A, § 289-b of the Tax Law.
Defendant contends that the indictment is predicated upon legally insufficient evidence presented to the Grand Jury and that the Attorney-General was without legal authority to resubmit the case to a second Grand Jury following presentation of evidence and withdrawal of the case from the first Grand Jury. It is further urged that the indictment lacks specificity sufficient to apprise the defendant of the conduct which is the subject of each count.
Initially, the court has inspected the Grand Jury minutes of both the first and second Grand Juries. The court finds the evidence presented to the second Grand Jury, which returned the indictment herein, legally sufficient to establish the offenses charged.
In People v Wilkins (68 NY2d 269 [1986]), the New York Court of Appeals considered the question of whether a prosecutor may withdraw a case from a Grand Jury after presentation of evidence, and resubmit the case to a second Grand Jury without having first obtained the consent of either the first Grand Jury or the court which impaneled it. There, and upon the facts of that case, it was concluded that such withdrawal and resubmission were the equivalent of a dismissal by the first Grand Jury, and that the prosecution could only resubmit the charges with the consent of the court.
Generally, once a Grand Jury hears evidence in a case presented to it, the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the extent to which the Grand Jury considered *966 the evidence and the charge (People v Wilkins, supra). In Wilkins, the court held that the first presentation of the evidence to the Grand Jury at the time of withdrawal was complete, rendering it the equivalent of a dismissal.
Further, it held that the equivalent of a dismissal may occur even where a case is withdrawn near the end of the presentation of the evidence and prior to the giving of either a charge or an instruction to deliberate (Matter of McGinley v Hynes, 75 AD2d 897, revd on other grounds 51 NY2d 116, cert denied 450 US 918).
However, in the instant case the court finds that only a minuscule amount of evidence was presented to the "first” Grand Jury in Kings County during February and March 1984, and the matter was withdrawn on the record on April 24, 1984. Only two witnesses were called to testify and the evidence presented was merely preliminary and comprised mostly background material for introduction of substantive evidence. The facts herein are in no way comparable to McGinley or Wilkins (supra), where it was held that the prosecutor’s unilateral withdrawal so late in the game must be deemed a dismissal; indeed, the case herein was withdrawn from the King’s County Grand Jury, not only "early in the game”, but before the game had even begun.
Moving on to the next argument, by decision and order dated July 28, 1986, this court found that the defendants had been supplied with specific items of factual information outlining the offenses charged in sufficient detail, including the amount of gallons alleged to have been understated and the places of purchase of the motor fuel oil. The indictment, together with the amplification provided by the bill of particulars, sufficiently specifies defendant’s conduct which is the subject of the charges. It must be reiterated that the specific o details outlining each participant’s precise role in the crime or scheme is evidentiary in character. (See, People v Iannone, 45 NY2d 589; People v Smith, 103 AD2d 859.)
Lastly, defendant argues that the indictment contains a jurisdictional or legal impediment to conviction for the Penal Law offenses of offering a false instrument for filing in the first degree, a class E felony. In People v Valenza (60 NY2d 363), the Court of Appeals held that since Tax Law article 28 provided an integrated scheme of civil penalties for failure to pay over or remit sales and use taxes, without specifically denominating such conduct as criminal conduct, the State *967 could not maintain a criminal prosecution for such conduct under the Penal Law.
However, in the instant case, the defendant is charged, not with a violation of Tax Law article 28, but with a violation of Tax Law, article 12-A, § 289-b (2) (as it existed at the time of the charge alleged) — to wit, willfully filing false motor fuel tax returns. This statute does not provide an integrated scheme of civil penalties, and specifically denominates the proscribed conduct criminal — indeed, a felony.
The court has examined all other arguments of the defendant and finds them without merit.
Accordingly, the motions to dismiss the indictment herein, and the Penal Law counts thereof, are denied.