OPINION OF THE COURT
Seymour Rotker, J.
Defendant, in an omnibus motion, seeks the following relief: (1) inspection of the Grand Jury minutes and dismissal of the indictment; (2) suppression of the physical evidence and statements and (3) a bill of particulars and discovery and inspection.
The essence of the defendant’s request for dismissal of the indictment is founded on the actions of the District Attorney in presenting the entire matter to the Grand Jury, charging them on the law and then some two weeks later permitting the defendant to testify without informing him that the matter had already been presented and a vote taken.
The court has inspected both sets of Grand Jury minutes and it is apparent that a true bill was voted and thereafter the defendant was permitted to appear and testify before the Grand Jury which again voted an indictment.
*122 The purpose of a motion to inspect the Grand Jury minutes and dismiss the indictment is to test the legal sufficiency of the evidence upon which the indictment is founded (CPL 210.30).
The proper vehicle to attack the present indictment is pursuant to CPL 210.20 (1) (c) which states:
"After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * *
"(c) The grand jury proceeding was defective, within the meaning of section 210.35”.
CPL 210.35 (5) states:
"A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * *
"(5) The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.”
The court is, therefore, treating the instant motion as one made pursuant to CPL 210.20 (1) (c) and 210.35 (5). (See also, People v Wilkins, 68 NY2d 269.)
The court has determined the following facts which are uncontroverted.
The defendant was arrested and charged with criminal possession of marihuana in the second degree on January 8, 1987. On January 9, 1987 he was arraigned in Criminal Court on those charges.
The matter was presented to the Grand Jury on January 14, 1987, the jury was instructed on the law and a vote was taken. In the People’s response to the defendant’s motion, the People aver that for "expediency sake” the proper mechanism in this case was to allow the District Attorney to "re-open” the case for the purpose of taking defendant’s testimony.
On January 30, 1987, the Assistant District Attorney who had originally presented the matter on January 14, 1984, appeared before the Grand Jury and stated: "For the record on January 14 this case was originally presented. I would ask the foreperson or the secretary if there is a quorum present that heard this case on the 14th”. The foreperson answered "Yes” and the prosecutor, without further preamble to the Grand Jury, had the defendant testify under a waiver of immunity (CPL 190.50 [5] [b]; 190.45). The Grand Jury was *123 again charged on the law and a true bill was voted charging defendant with criminal possession of marihuana in the second degree.
Though the record is bereft of any evidence of statutory compliance with CPL 190.50 (5) (a), for the purposes of this motion, the People through their actions have waived any claim to the issue of noncompliance with that section.
The question is whether it is legally permissible for the District Attorney to "re-open” a case after a true bill has been voted in order to cure a fatal defect in the proceeding. The procedure to be followed before a defendant may testify before the Grand Jury is found in CPL 190.50 (5) (a) and (b) which in pertinent part states:
"5. * * * a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent * * * In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein;
"(b) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place. Upon appearing at such time and place, and upon signing and submitting * * * a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury”.
Pursuant to CPL 190.50 (5) (c) which states in pertinent part: "(c) Any indictment * * * obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and * * * must be dismissed”. Failure to follow the proscriptions of CPL 190.50 (5) (a) and (b) invalidates the indictment warranting its dismissal by the court.
*124 The creation and function of the Grand Jury is both constitutionally and statutorily defined (NY Const, art I, § 6; CPL 190.05 et seq.). The Grand Jury is a part of the superior court which empanels it and its power is derived from the New York State Constitution (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.05, at 185), and statutes governing the Grand Jury process should be strictly construed and compliance therewith meticulously observed (Matter of Grand Jury of Supreme Ct. of Rensselaer County, 98 AD2d 284).
By statute, the Grand Jury is empowered to indict; direct the filing of a prosecutor’s information; request a removal to Family Court; dismiss the charges; or submit a Grand Jury report (CPL 190.60). Where the Grand Jury has voted a dismissal of the charges, the District Attorney must apply to the court to resubmit the charges to another or the same Grand Jury (CPL 190.75 [3]). The court is empowered to grant only one application for resubmission (CPL 190.75 [3]). Thus, the Grand Jury is protected against an abuse of process (People ex rel. Flinn v Barr, 259 NY 104; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.75, at 342).
CPL article 190, however, is silent as to the power of the District Attorney once the Grand Jury has voted an indictment.
The rules of statutory interpretation state: "A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; emphasis added.)
A situation similar to the case at bar arose in Matter of Reports of Grand Jury of County of Montgomery (108 AD2d 482) where the District Attorney attempted to resubmit a matter to the Grand Jury after it had issued a report. The court reasoned that since the statute was silent on the matter, the District Attorney was not empowered to resubmit the matter. The court concluded that the silence of the statute was due to the Legislature’s intent to exclude that authority.
Similarly, in the case at bar, had the Legislature intended to provide the District Attorney with the option to "re-open” a case upon his failure to afford the defendant an opportunity to *125 testify, it would have so stated in the law. Rather, the Legislature chose to totally invalidate an indictment obtained in contravention of defendant’s right to testify (CPL 190.50 [5] M).
Most recently, the Court of Appeals has held in People v Wilkins (68 NY2d 269, supra), that the unilateral withdrawal of a case from the Grand Jury after the presentation of evidence is the functional equivalent of a dismissal.
In the Wilkins case, the defendant was charged with murder in the second degree. His case was presented to the Grand Jury but was withdrawn before a vote was taken. The matter was then presented to a second Grand Jury which indicted the defendant. The court stated (at 274): "Generally once a Grand Jury hears evidence in a case presented to it, the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the extent to which the Grand Jury considered the evidence and the charge.”
The case at bar had progressed further than that in Wilkins (supra). In the instant case, the jury had already voted a true bill. There remained only the ministerial act of filing the indictment.* The prosecutor, however, had failed to honor the defendant’s right to testify before the Grand Jury. This failure resulted in an indictment which was invalid (CPL 190.50 [5] [c]). The statutory remedy for this defect is dismissal of the indictment (CPL 190.50 [5] [c]).
In People v Jones (126 Misc 2d 104), the defendant was not afforded an opportunity to testify before the Grand Jury. He was offered the opportunity prior to the filing of the indictment if he signed a sworn statement indicating what his *126 testimony would be. The court, in dismissing the indictmeht, reasoned that the right to testify is a substantial one and an indictment obtained in violation of this right must be dismissed. The court went on to state that allowing a defendant to testify after an indictment was obtained would "eviscerate the spirit and intent” of the statute (at 107).
CPL article 190 is clear in defining the powers of the District Attorney and the court in the presentation and review of matters in the Grand Jury. This system of checks and balances was set up through CPL 190.75 (3). Its purpose was, and still is, to insulate citizens from prosecutorial excesses (People v Wilkins, supra; People v Pelchat, 62 NY2d 97; People v Iannone, 45 NY2d 589).
As the court is statutorily empowered to dismiss an indictment and authorize its resubmission on the failure of the District Attorney to permit a defendant to testify, it is apparent that the prosecutor is not empowered to "re-open” a case to correct this invalidating flaw (CPL 190.50 [5] [a], [b], [c]; 190.75 [3]).
In summary, the prosecutor may withdraw a case from Grand Jury consideration. This is the functional equivalent of a dismissal and therefore the procedures outlined in the statutes must be used. In the instant case, the People effectively withdrew the case after a true bill was obtained. This operates as a dismissal of the charges and necessitates the use of the procedures delineated in CPL 190.75 (3) which requires court permission for resubmission.
The indictment is therefore dismissed, with leave to the District Attoreny to present the case to another Grand Jury affording the defendant an opportunity to testify. The remainder of the defendant’s motion is denied as moot.

 The procedural significance of the filing of an indictment has been much diminished. In 1982, the Legislature amended CPL 180.80 to indicate that release of an incarcerated defendant would not be effected if the District Attorney filed with the court a written certification that an indictment "has been voted” rather than filed. The corollary to CPL 180.80 is CPL 190.80 which speaks only of Grand Jury action within 45 days after a preliminary hearing holding the case for Grand Jury action in the case of an incarcerated defendant. In addition, the reference to the filing of an indictment in CPL 190.50 (5) (a) is a preservation of defendant’s right to testify and sets an outside limit as to when he must notify the District Attorney. Upon receipt of the notification of defendant’s intention, the District Attorney is under an obligation to inform him of the date and time of the presentation. This is designed to prevent a District Attorney from depriving defendant of his right to testify by secretly removing a case from the lower court and presenting it to a Grand Jury when the defendant has no reason to believe a Grand Jury proceeding is in process (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, GPL 190.50, at 279).