Kaye, Alexander and Titone, JJ.
(dissenting). The Criminal Procedure Law enumerates only five permissible dispositions for cases presented to a Grand Jury: the Grand Jury may indict, direct the filing of a prosecutor’s information, request a removal to Family Court, dismiss the charges, or submit a Grand Jury report (CPL 190.60 [l]-[5]). By adding a sixth — which is unauthorized by the Legislature — the majority allows prosecutors to evade the clear directives of the governing statutes and undermines the integrity of the Grand Jury process. We cannot accede to this judicial enlargement of prosecutorial power, and therefore dissent.
At the outset, it is important to emphasize what is conspicuously absent from the majority’s opinion but conceded by the People. The procedure employed here is not one that is used rarely, only in an isolated instance. To the contrary, this unauthorized procedure has been used in countless cases and, given the court’s imprimatur, will doubtless now become even more routine. In People v Wilkins (68 NY2d 269), despite the *419 lack of any bad faith on the part of the prosecutor, we refused to countenance use of an unauthorized procedure because of the effect that permitting the practice might have on the prosecutor’s use of the Grand Jury in future cases. The same result should obtain here.
The majority relies on two points for its approval of the prosecutor’s practice: first, the identical result can be accomplished simply by filing a superseding indictment, and second, the Grand Jury initially voted a true bill. These two factors purportedly demonstrate that no potential for abuse of the indictment process inheres in the practice. We disagree.
That the prosecutor could readily have obtained a superseding indictment without court approval or resubmission to a new Grand Jury does not justify an unauthorized procedure, and indeed militates even more strongly against it. As the majority recognizes, the Criminal Procedure Law authorizes the prosecution to re-present a case to the Grand Jury, without court approval, only by obtaining a superseding indictment (see, CPL 200.80), which requires that the prosecutor "file the original indictment endorsed by the Grand Jury and then re-present the matter to the same or another Grand Jury.” (Majority opn, at 416.) That the Legislature provided the prosecutor a lawful way of accomplishing the same end is all the more reason why strict compliance with the statutory scheme should be required. As we concluded in People v Wilkins (68 NY2d 269, 276, supra), if there is an authorized solution for the prosecutor’s dilemma, the prosecutor, as legal advisor to the Grand Jury, should be required to follow it.
Moreover, the filing of the original indictment triggers the defendant’s right to judicial review of the indictment’s sufficiency, a protection unnecessarily discounted by the majority. Because a court has discretion to deny a prosecutor’s request to resubmit a case to the Grand Jury (CPL 190.75 [3]), it is by no means guaranteed that in any given case the court will authorize resubmission if the indictment is dismissed for legal insufficiency.
In cases such as this one where the new evidence allegedly merely lends additional support to the counts on which the Grand Jury has already voted to indict, the only practical explanation for "voiding” the existing indictment is that the prosecutor has doubts, well founded or otherwise, about the ability of the original evidence to survive a motion to dismiss for legal insufficiency. Rather than risking dismissal and an *420 unfavorable outcome on a request for judicial permission to resubmit (see, CPL 190.75 [3]), a prosecutor might well prefer to keep control of the process by treating the prior Grand Jury action as though it had never occurred and obtaining a second indictment fortified by new evidence.*
Furthermore, a court may grant one resubmission only (CPL 190.75 [3]). Unapproved withdrawals before filing effectively emasculate this statutory limitation.
What is perhaps most disturbing about the practice of "voiding” is the People’s admission that its primary purpose is to avoid the consequences of the time constraints imposed by CPL 180.80.
CPL 180.80 requires the release of a defendant who has been held in custody on a felony complaint for more than 120 hours (or 144 hours if the detention period includes a Saturday, Sunday or legal holiday), unless one of several conditions are met. Included among these conditions is the filing of an indictment or a written certificate that an indictment has been voted before the defendant’s application for release was made (CPL 180.80 [2]).
According to the People’s brief: "One cannot overstate the frequency with which cases throughout this State were reopened by prosecutors after the vote of a true bill and prior to the filing of an indictment. It was (prior to [the Appellate Division decision in this case]) not uncommon for a prosecutor to present a legally sufficient case as to certain charges in order to comply with the time constraints of CPL 180.80, and to reopen the case when previously unavailable information was forthcoming. This was true, for example, in narcotics cases where sales charges based upon police observations were presented and voted upon, while the submission of possession charges were delayed until the receipt of laboratory reports; in multiple sex victim cases in which only one victim was available within the time period delineated by CPL 180.80, and others came forward afterwards; or, in armed robbery cases where the weapon possession charges could not immediately be presented due to the unavailability of ballistic reports.”
*421 This litany of the circumstances in which the challenged practice has been used suggests no legitimate prosecutorial need for resorting to an extra-statutory procedure. While it is true that the CPL 180.80 time constraints may provide good reason to make a premature Grand Jury presentation in particular cases, that circumstance does not explain why existing, authorized procedures are inadequate to cure the resulting problems.
In cases where the weapon or drug possession charges associated with a criminal incident must await the completion of a technician’s report, the statute allows the People to obtain a superseding indictment without prior court approval (CPL 200.80). In cases where additional victims or evidence are expected to come to light after the CPL 180.80 deadline has passed, the statute allows the People either to delay the initial presentment and oppose the release of the defendant on the basis of asserted "good cause” (see, CPL 180.80 [3]) or, again, make an initial Grand Jury presentation and then seek a superseding indictment. Finally, where, as here, there exists new and useful evidence pertaining to the original counts voted by the Grand Jury, the People may — consistent with the statute — either supersede or leave in place the existing indictment, which is presumably supported by legally sufficient evidence, and use the new evidence to enhance their presentation at trial.
The availability of these options strongly suggests two explanations for a prosecutor’s resort to a practice not specified by statute. If there is a chance that the term of the original Grand Jury — the one that has already acted favorably — may expire before filing is complete, the prosecutor may prefer not to risk resubmitting the case to a different Grand Jury, which could well take a different view of the facts. Or the prosecutor simply may not wish to expose the case to a motion to dismiss for legal insufficiency. Both reasons are indicative of an effort on the part of the People to chart their own course so as to avoid the risk of the defendant’s early release under CPL 180.80 on the one hand while, at the same time, avoiding the pitfalls of a hasty Grand Jury presentation. Plainly, this course was not contemplated by the Legislature when it adopted articles 180 and 190 of the Criminal Procedure Law.
As the People readily admit, the Grand Jury indictment process is being used in these cases not for its intended purpose of subjecting the available evidence to independent *422 review, but rather for the purpose of obtaining a Grand Jury vote so that a formal certificate may be filed and the technical requirements of CPL 180.80 deemed satisfied. Furthermore, the People’s rush to obtain a Grand Jury indictment before the CPL 180.80 deadline expires is, in many instances, motivated by their desire to avoid exposing their case to an adversarial preliminary hearing (see, CPL 180.60, 180.80), in which the defendant has an opportunity both to preview their evidence and to cross-examine their witnesses (see, People v Hodge, 53 NY2d 313, 318-319). While the People’s strategic preference for the Grand Jury is understandable, we do not believe that this court should sanction an extra-statutory procedure that is calculated to advance it. The practice of routinely making Grand Jury presentations to satisfy CPL 180.80, with the idea that shortcomings or defects can be cured within the relatively risk-free environment of the same Grand Jury, distorts the legislatively specified system for preliminary review and, in that sense, impairs the integrity of the Grand Jury.
Accordingly, we would hold that when a prosecutor successfully asks the Grand Jury to "void” its prior vote to indict, the resulting Grand Jury action is, as in Wilkins, the functional equivalent of a dismissal. We would therefore affirm the Appellate Division order.
Chief Judge Wachtler and Judges Hancock, Jr., and Bellacosa concur with Judge Simons; Judges Kaye, Alexander and Titone dissent and vote to affirm in a memorandum.
Order reversed, etc.

 Reopening the proceedings to permit a defendant to exercise his or her statutory right to appear before the Grand Jury up until filing of an indictment (CPL 190.50 [5] [a]) involves quite different considerations, and the majority’s reliance on Appellate Division decisions upholding such action (see, e.g., People v Young, 138 AD2d 764; majority opn, at 415) is entirely misplaced.