OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed.
Evidence concerning defendants’ alleged narcotics activities was heard by a Federal Grand Jury sitting in Rochester, but the case was withdrawn before it was complete. The case was subsequently presented to a Monroe County Grand Jury, which indicted defendants on the charges of which they now stand convicted. Defendants contend that under People v Wilkins (68 NY2d 269) the prosecution was required to obtain a Judge’s permission to present the case to the State Grand Jury because, as in Wilkins, the prosecutor’s withdrawal of the case from the Grand Jury amounted to a dismissal of the charge which could then only be submitted again with judicial permission (CPL 190.75 [3]).
The requirement under CPL 190.75 (3) that judicial permission be obtained before charges rejected by one Grand Jury may be presented to another does not apply here. CPL 190.75 (3) applies only to Grand Juries impaneled by the Supreme Court or by County Court, not to all Grand Juries sitting in the State (CPL 190.75 [3]; 190.05, 10.10 [2]). Here, the first Grand Jury was impaneled by a Federal court. Rather than having any analogue to CPL 190.75 (3), the Federal system adheres to the common-law rule that judicial approval is not required before charges that one Grand Jury has rejected are heard by another Grand Jury (United States v Thompson, 251 US 407, 414-416 [specifically declining to apply the New York statutory rule requiring judicial permission]). There is thus no authority to treat the withdrawal of the Federal Grand Jury presentation as a dismissal under CPL 190.75 (3).
Defendants’ remaining contentions are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In each case: Order affirmed in a memorandum.