*254 OPINION OF THE COURT
Laura Visitacion-Lewis, J.
Defendant, Casey McCann, was arrested on August 31, 1995 and charged in a felony complaint with assault in the second degree (Penal Law § 120.05 [2]). The charge stemmed from an August 13, 1995 incident in which defendant was alleged to have struck the complainant in the head and face with two beer mugs, causing him serious physical injury.
On November 29, 1995 and November 30, 1995, the case was presented to the Grand Jury. Following the testimony of the complainant, Michael Seymour, defendant testified under waiver of immunity, presenting a version of events which raised the defense of justification. During his testimony, defendant named an eyewitness, Robert Hynes, who was purportedly within an arm’s length distance during defendant’s encounter with the complainant.
Upon completion of defendant’s testimony on November 29, 1995, the prosecutor informed the Grand Jury that the complainant would be recalled for further testimony. The minutes reflect that a grand juror inquired whether any other witnesses would be called, and that a grand juror also said, "We’d like to hear from Robert [Hynes].” This was immediately followed by a grand juror’s inquiry as to whether defendant had a prior record. The prosecutor did not address the request to hear the witness or indicate that anyone other than the complainant would be giving further testimony. In addition, she declined to answer the question whether defendant had a record, prompting a grand juror to comment that defendant had testified that he did not. Thereafter, the complainant was recalled and gave further testimony.
The following day, November 30, 1995, the People withdrew the case from the Grand Jury without taking a vote or calling any other witnesses. The matter was subsequently advanced by the People from its Part F adjourn date and calendared in Part AP-17 for the purpose of reducing the felony assault charge to that of misdemeanor assault, and for further Criminal Court proceedings.
Appearing in AP-17 on January 19, 1996, defense counsel objected to the People’s application to reduce, and filed and served a motion to dismiss the complaint, citing unauthorized withdrawal of the case from the Grand Jury, various other procedural improprieties, and resultant prejudice to defendant. The People were directed to file and serve a response off- *255 calendar by February 15, 1996, and the matter was adjourned to March 27, 1996, for decision.
No response was filed until the adjourn date, when defendant and counsel appeared and moved for a grant of the motion on default, noting that counsel had placed several calls of inquiry to the Assistant District Attorney following the lapsed filing date. Decision was reserved.
In light of the significant issues raised, I will accept the People’s late filing, but do so without prejudice to any CPL 30.30 claims defendant may have with respect to the period of delay. Having given due consideration to the arguments made and the authority cited by both sides, defendant’s motion is granted, for the reasons that follow, to the extent that the application to reduce the charge from felony assault to misdemeanor assault is denied, and the matter is returned to Part F for further proceedings in accordance with the mandate of People v Wilkins (68 NY2d 269 [1986]) and CPL 190.75 (3)[1] or, if indicated, the grant of relief pursuant to CPL 30.30.[2]
In People v Wilkins (supra, at 273), the Court of Appeals observed that, "[t]he comprehensive statutory scheme regulating Grand Jury proceedings does not contemplate the termination of deliberations without some action by the Grand Jury.” The Court (supra, at 273) went on to cite the "limited range of dispositions” accorded the Grand Jury pursuant to CPL 190.60, which are as follows:
"1. Indict a person for an offense, as provided in section 190.65;
"2. Direct the district attorney to file a prosecutor’s information with a local criminal court, as provided in section 190.70;
"3. Direct the district attorney to file a request for removal to the family court, as provided in section 190.71 of this article;
"4. Dismiss the charge before it, as provided in section 190.75;
"5. Submit a grand jury report, as provided in section 190.85.”
*256 Where, as here, the prosecution has withdrawn an essentially completed case from the Grand Jury prior to any action having been taken by that body, and thus thwarted the statutory scheme, the result will be deemed the functional equivalent of a dismissal under CPL 190.60 (4), irrespective of the good faith of the withdrawal. (People v Wilkins, supra, at 275, citing with approval Matter of McGinley v Hynes, 75 AD2d 897 [2d Dept 1980], revd on other grounds 51 NY2d 116 [1980], cert denied 450 US 918 [1981]; Mooney v Cahn, 79 Misc 2d 703 [Sup Ct, Nassau County 1974].)
In order to "prevent the prosecutorial abuse of resubmitting the same charges, after dismissal, to a new Grand Jury without sufficient and adequate reasons”, such a dismissal, in turn, triggers the requirement that leave be sought of the court before resubmission to another Grand Jury panel. (People v Jones, 206 AD2d 82, 85 [1st Dept 1994], affd 86 NY2d 493 [1995]; People v Martin, 71 AD2d 928 [2d Dept 1979]; People v McGinley, supra; CPL 190.75 [3].)
In seeking to distinguish the instant matter from those in which the prosecution is not permitted to proceed without the consent of the impaneling court, the People urge that the reduction of the charge from felony assault to misdemeanor assault obviates any such need for court intervention. This argument, however, ignores the fundamental " 'beneficent purpose’ ” of the requirement, namely, to ensure that the prosecutor not be permitted to "circumvent the statutory command that an 'affirmative official action or decision’ of the Grand Jury requires the concurrence of 12 of its members, not the sole whim, or even considered judgment, of the prosecutor.” (People v Wilkins, supra, at 275-276, citing People ex rel. Flinn v Barr, 259 NY 104, 108-109 [1932]; CPL 190.25 [1].) Simply put, the People have no "inherent power” to withdraw a case from Grand Jury consideration, for this would "furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but 'open and shut’ cases” for strategic purposes. (Supra, at 275.)
Circumvention of the Grand Jury’s function is no less present in the case at bar, where, following the complainant’s testimony, the defendant testified under waiver of immunity, the complainant was recalled for further testimony, and the case was then inexplicably withdrawn without the Grand Jury having heard an eyewitness which it had requested or taken a *257 vote on the evidence presented.[3] Although the prosecution claims that its withdrawal was intended to benefit defendant in light of his age and lack of a prior record, these same conditions were in place prior to the People’s presentation of the case to the Grand Jury. Indeed, grand jurors demonstrated an interest in whether defendant had a prior criminal history, and the defense of justification raised by his testimony could only have been strengthened by such factors.
Moreover, it was within the Grand Jury’s mandate to direct the filing of a prosecutor’s information if so warranted, and within the prosecutor’s discretion to have requested that the Grand Jury solely consider the charge of assault in the third degree. (CPL 190.70 [1]; 190.55 [2] [c].)
The appellate courts of this State have consistently reiterated both that "the Grand Jury serves as a shield for citizens against unfounded prosecution” (People v Franco, 86 NY2d 493, 499 [1995]; People v Wilkins, supra, at 273; People v Pelchat, 62 NY2d 97, 108 [1984]), and that the statutory scheme enacted by the Legislature accordingly serves as a check against potential abuses or excesses flowing from prosecutorial domination of the process. (People v Cade, 74 NY2d 410, 414 [1989]; People v Wilkins, supra.)
As applied to the instant matter, these principles and public policy considerations dictate that continued prosecution of the felony assault charge is subject to court authorization pursuant to CPL 190.75 (3). Alternatively, the complaint must be dismissed in accordance with the mandate of People v Wilkins (supra), and any prosecution of defendant for misdemeanor assault arising out of the same facts is without prejudice to defendant’s motions to dismiss premised upon circumvention of the Grand Jury’s function, as well as CPL 30.30 considerations. In addition, the People are directed to notify defendant and counsel to appear pursuant to CPL 120.20 (3) in the event that a Criminal Court prosecution is commenced.

. Applied to these circumstances by People v Wilkins (supra), this statute provides that the dismissed charge "may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the People to resubmit such charge”.

. The People’s certificate of readiness for trial in Criminal Court, filed January 18, 1996, is of no effect, as the reduction is impermissible in these circumstances. Moreover, I am informed that the case was reassigned to a new Assistant on the very date that the original Assistant certified her readiness for trial.

. CPL 190.50 (3) provides that, "[t]he grand jury may cause to be called as a witness any person believed by it to possess relevant information or knowledge.” This section imposes upon the People "a duty to effectuate the grand jury’s desire to hear evidence from witnesses other than those the prosecutor has chosen to present” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, at 283; see, People v La Torre, 162 Misc 2d 432, 434 [Crim Ct, Kings County 1994]).