OPINION OF THE COURT
Robert E. Torres, J.
On October 11, 1997 the defendant Nyasha Page was arraigned upon a felony complaint charging two counts of felony assault, assault in the second degree (Penal Law § 120.05 [1]) and gang assault in the second degree (Penal Law § 120.06), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). On October 29, 1997 the People informed the court and defense counsel that the case was presented to the “A” panel of the Grand Jury, which ended November 7, 1997. On this same day, a plea offer was made and rejected by the defendant. The case was adjourned to November 3, 1997, with the defendant to testify on that day. On November 3, 1997, the People informed the court and defense counsel that it was moving to reduce the assault in the second degree to assault in the third degree (Penal Law § 120.00 [1]), dismissing the gang assault count and retaining the misdemeanor weapon count. The court accepted the reduction with the condition that the People legally withdraw the case from the Grand Jury.
Defendant, thereafter, made an omnibus motion, in part, to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (f). On February 2, 1998 this court, in a written decision, held that a decision on this issue will be reserved by this court pending verification from the People that they were given leave to withdraw the case by the impaneling court and if leave was given, to provide verification for the date it occurred. If leave to withdraw the case was not granted, this court wished to know what, if any, actions were taken by the Grand Jury. On February 20, 1998 the People represented, at a calendar call, that they had received authorization to withdraw the case from Judge Rosalyn Richter in Part AP-6 on November 3, 1997. Subsequent efforts by the People to obtain the minutes of proceedings held from November 3 through November 7, 1997 revealed that the People had not, in fact, received authorization from the court to withdraw this case from the Grand Jury.
Defendant now argues that the People never obtained legal authorization to withdraw the case from the Grand Jury. Accordingly, the defendant moves to dismiss the accusatory *450 instrument pursuant to CPL 170.30 (1) (f), as the legal impediment of a Grand Jury dismissal precludes the defendant’s conviction upon the charged crimes. The People argue that defendant’s motion should be denied by the court. Specifically, the People assert that the case at bar is not a “completed” case as defined in case law and its subsequent withdrawal and reduction does not prejudice the defendant and therefore the defendant can be prosecuted on these charges.
LEGAL ANALYSIS
The court will analyze this case from two perspectives. The first issue to be addressed by this court is whether this court has jurisdiction over this case. Black’s Law Dictionary 1134 (6th ed 1990) defines “pending” as “Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy.” CPL 10.30 provides that local criminal courts have trial jurisdiction of all offenses other than felonies and preliminary jurisdiction of all offenses subject to divestiture in any particular case by superior courts and their Grand Juries.
This action was commenced as a felony prosecution. Generally, when a District Attorney elects to make a submission to the Grand Jury, even though the matter is pending before the lower criminal court, the exercise of such prosecutorial discretion may not be interfered with by the court, for the latter “ ‘does not have the power to substitute its judgment for that of the District Attorney’ ”. (People v Galak, 114 Misc 2d 719, 725 [Sup Ct, Queens County 1982], quoting People v McDonnell, 83 Misc 2d 907, 908-909.) Nonetheless, in a legal prosecution, all the legal requisites must be complied with to confer jurisdiction on the court in criminal matters, as the District Attorney cannot confer jurisdiction by will alone. In addition, where the law provides a method for acquiring jurisdiction over a defendant in a criminal action, as by indictment of a Grand Jury, that method must be strictly pursued to acquire jurisdiction. (People v Herrmans, 69 Misc 303, 305 [Tompkins County Ct 1910].) A Grand Jury functions to indict upon production of proper evidence. (Supra, at 307.)
Pursuant to CPL 190.60 a Grand Jury may take, in pertinent part, the following action: (1) indict a person for an offense, as provided in CPL 190.65; (2) direct the District Attorney to file a prosecutor’s information with a local criminal court, as *451 provided in CPL 190.70; (3) direct the District Attorney to file a request for removal to the Family Court, as provided in CPL 190.71 of this article; (4) dismiss the charge before it, as provided in CPL 190.75; and (5) submit a Grand Jury report, as provided in CPL 190.85. While the cases cited by the People and the defendant deal with the problem of resubmission to a Grand Jury without court authorization, these cases provide a useful framework for an analysis of Grand Jury action. In People v Wilkins (68 NY2d 269, 273 [1986]) the Court of Appeals observed that the “statutory scheme regulating Grand Jury proceedings does not contemplate the termination of deliberations without some action by the Grand Jury.” The Court held that when a prosecutor withdraws a case from the Grand Jury after presenting the People’s evidence but prior to the Grand Jury’s vote, the withdrawal is considered a dismissal for purposes of CPL 190.75. (People v Wilkins, 68 NY2d, at 273-275.) The purpose of this rule is to prevent a prosecutor from withdrawing an essentially completed case when hostility is sensed and presenting the case to “a more compliant Grand Jury”. (People v Bannister, 162 Misc 2d 509 [Sup Ct, Bangs County 1994], citing People v Wilkins, supra, at 275.) The four-Judge majority opinion in Wilkins, however, does not give guidance on how far the presentation must have progressed before voluntary withdrawal is deemed a dismissal. (Preiser, Practice Commentaries, McKinney’s Cons Law of NY, Book 11 A, CPL 190.75, at 350.) The Court did state that the “key factor * * * is the extent to which the Grand Jury considered the evidence and the charge”. (People v Wilkins, 68 NY2d, at 274.) This court’s opinion was buttressed by People v Evans (79 NY2d 407 [1992]) where the Court of Appeals ruled that when a defendant has served timely notice of his intention to testify before the Grand Jury, CPL 190.50 requires that the defendant be allowed to testify prior to the Grand Jury’s vote.
In People v McCann (169 Misc 2d 253 [Crim Ct, NY County 1996]), the court held that the People’s application to reduce the charge from felony assault in the third degree to misdemeanor assault in the second degree was denied where following the complainant’s testimony before the Grand Jury, the defendant testified under waiver of immunity, the complainant was recalled for further testimony and the case was withdrawn without the Grand Jury taking a vote on the evidence presented. The matter was subsequently advanced for the purposes of reducing the charge and for further criminal court proceedings. Defense counsel objected to the People’s applica *452 tion to reduce and filed a motion to dismiss the complaint, citing unauthorized withdrawal of the case from the Grand Jury and resultant prejudice to the defendant. The People argued that the reduction of the charge obviated any need for court intervention. The court disagreed. Since the prosecutor’s actions thwarted the Grand Jury procedural statutory scheme, the court ruled that the result would be deemed the functional equivalent of a dismissal under CPL 190.60 irrespective of the good faith of the withdrawal. As stated by the court, the People have no inherent power to withdraw a case from Grand Jury consideration, for this would “ ‘furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but “open and shut” cases’ for strategic purposes.” (People v McCann, 169 Misc 2d, supra, at 256.) It was within the Grand Jury’s power to direct the filing of a prosecutor’s information if warranted, or in the alternative, to solely consider the charge of assault in the third degree.
In this case, the Grand Jury had jurisdiction to inquire into and to indict on both the felony and misdemeanor charges. (People v Nelson, 298 NY 272 [1948].) The People’s evidence before the Grand Jury consisted of the testimony of a major witness, the complaining witness. A review of the Grand Jury minutes for October 29, 1997 shows that the Grand Jury was provided with information that would enable it to decide whether a crime had been committed and whether there existed legally sufficient evidence to establish material elements of the charged crimes. (See, Matter of McGinley v Hynes, 75 AD2d 897 [2d Dept 1980], revel on other grounds 51 NY2d 116 [1980], cert denied 450 US 918; People v Dym, 163 AD2d 150, 154 [1st Dept 1990]; People v Wesley, 161 Misc 2d 786, 791 [Sup Ct, Kings County 1994].)
In addition, the defendant here also served notice of her desire to testify before the Grand Jury and was scheduled to testify on November 3, 1997. Under the facts of this case, the court concludes that judicial authorization was required for the lower court to obtain jurisdiction over the case. However, no verification has been provided that the prosecution sought permission from the impaneling court to legally withdraw the case from the Grand Jury and proceed with this case as a misdemeanor information. Therefore, this criminal court does not have jurisdiction over the case. Further prosecution of the defendant by misdemeanor information is not proper. Thus, a legal impediment exists to the defendant’s prosecution on the charged crimes. (CPL 170.30 [1] [f].)
*453 The second issue relates to the application of CPL 180.50 to this case. This section authorizes the Criminal Court, upon the consent of the District Attorney, to inquire whether a felony charge should be reduced. Where the prosecution was commenced as a felony prosecution, it remains a felony prosecution until the charges are formally reduced to misdemeanor charges. A charge is reduced from a felony to a nonfelony offense within the meaning of CPL 180.50 by replacing the felony complaint with another local criminal court accusatory instrument. (See, People v Rosa, 169 Misc 2d 350 [Nassau Dist Ct 1996].) Thus, a defendant must be formally charged with misdemeanor charges. The court, in a recent case, People v Grune (175 Misc 2d 281 [App Term, 2d Dept 1997]), held that even though the defendant expressly consents to an oral reduction of the felony complaint, such a reduction is invalid and the defect nonwaivable where the attempted method is not in compliance with statutory requirements.
Here, the felony complaint has not been formally reduced to a misdemeanor complaint. The District Attorney sought an oral reduction of the felony complaint as part of a plea on November 3, 1997. The defendant allegedly rejected the plea but agreed to accept the reduction if the case was withdrawn from the Grand Jury. The court then directed the District Attorney to formally withdraw the charges from the Grand Jury. No verification that this was, in fact, done has been provided to this court. Therefore, the People have not met the condition imposed by the court for the requested oral reduction of the felony charge to a misdemeanor charge. Thus, the reduction is null and void.
Accordingly, defendant’s motion to dismiss is granted based upon the reasons listed above.