Judgment, Supreme Court, New York County (Brenda Soloff, J., at dismissal motion; Eduardo Padro, J., at jury trial and sentence), rendered January 22, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of eight years, unanimously affirmed.
After a first grand jury presentation resulted in insufficient votes for either an indictment or a dismissal, the People were not required to obtain the court’s permission to re-present defendant’s case to a second grand jury (see CPL 190.75 [3]), because there was neither a prevote withdrawal nor a dismissal (see People v Morrison, 34 AD3d 398, 399 [2006], lv denied 8 NY3d 948 [2007]). “[I]n order to dismiss a charge, there must be a formal vote of the grand jury and 12 of its members must concur in that result” (People v Aarons, 2 NY3d 547, 549 *573 [2004]). Defendant argues that the rule in Aarons relieving the prosecutor of the obligation to obtain leave from the court following a failure of the grand jury to agree should be limited to re-presentations to the same grand jury. While the opinion in Aarons noted that the re-presentation in that case was to the same grand jury, and it observed that forum shopping concerns were not present, we conclude that the essential holding of Aarons is that, as a matter of statutory interpretation, a failure of a grand jury to agree on either an indictment or a dismissal is not a dismissal, and thus does not require leave to re-present. People v Wilkins (68 NY2d 269 [1986]) does not apply here, because it involves prosecutorial withdrawal of a completed case from a grand jury without taking a vote, followed by representation to a second grand jury. We see no reason to extend Wilkins to the situation where a vote (in the present case, two votes) is actually taken, but results in no grand jury action. Representing a case to a second grand jury after what could be described as a “hung grand jury” does not involve forum shopping.
The court properly declined to order the People to produce arrest reports regarding people arrested on unrelated charges at the same time and place as defendant. The record supports the court’s conclusion that these documents were not discoverable under Brady v Maryland (373 US 83 [1963]), People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866 [1961]), or CPL article 240. Whether these reports were the proper subjects of a subpoena duces tecum is a different issue, which defendant has not preserved. Defendant did not expressly ask for a subpoena, did not prepare such a document, and did not comply with the requirements of CPLR 2307 for obtaining government records (see CPL 610.20 [3]). Merely alluding to a possible remedy is insufficient to preserve a claim that the court should have granted such a remedy (see People v Borrello, 52 NY2d 952 [1981]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant did not establish a “factual predicate which would make it reasonably likely that documentary information will bear relevant and exculpatory evidence” (Matter of Constantine v Leto, 157 AD2d 376, 378 [1990], affd 77 NY2d 975 [1991] [internal quotation marks omitted]). Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.