THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PAUL STECKER, Defendant.*

Court of General Sessions, New York County, July 9, 1931.

*Thomas C. T. Crain, District Attorney,* and *Louis J. Capozzoli, Assistant District Attorney,* for the People.

*Bisgaier & Lenefsky,* for the defendant.

FRESCHI, J. No doubt a larceny was committed in this case. There is proof of caption and asportation. True the complainant's identification of the thief is weak and perhaps insufficient; yet there is some testimony that presents a question of fact for a trial jury. Officer Kenny testified before the grand jury that, in the course of a conversation about the case held immediately after the larceny was committed, the defendant stated that he was " broke " and admitted that he was " out taking a chance to steal something." This is sufficient *prima facie* proof.

On the question of the resubmission to the grand jury without

* See, also, 140 Misc. 684.

a previous court order as required by statute (Code Crim. Proc. § 270), there appears indorsed on the papers the following: " Dismissed 22nd day of May, 1931, Elliot L. Ward, Foreman. Reconsidered 5/25/31."

An examination of the indictment shows that the dismissal indorsed on the papers has been erased by some one with lead pencil marks scratched across the indorsement of the dismissal.

The records of this court show that the depositions and a formal dismissal by the grand jury herein were never presented to the court and no record thereof has ever been made, but for some reason, best known to the grand jury, it reconsidered the case and returned to the court this indictment. Under these circumstances, unless the dismissal was returned to the court and duly filed, the matter was not ended and a resubmission order was not necessary. An order for a resubmission is only made necessary when the charge against the person accused has been dismissed by the grand jury and a record of such dismissal filed with the court. (*People* v. *Sebring*, 14 Misc. 31, 38; *People* v. *Neidhart*, 35 id. 191, at p. 192; *People* v. *Both*, 118 id. 414, at p. 422.) The grand jury retained jurisdiction over the case, and it could properly reconsider and vote an indictment upon the whole matter.

Motion denied.