OPINION OF THE COURT
Ernst H. Rosenberger, J.
Evidence concerning the defendant was presented to a Grand Jury of the Extraordinary Special and Trial Term in Queens County. The Grand Jury voted to dismiss the charges. The Special Prosecutor further addressed the Grand Jury and the Supreme Court Justice then presiding at the Extraordinary Term addressed the Grand Jury as well. The Grand Jury then voted to indict the defendant.
The defendant moved under CPLR article 78 in the Appellate Division, Second Department, to prohibit the Trial Judge *896 and the Special Prosecutor from proceeding with respect to the indictment. That court held that it had no jurisdiction, but stated that if it had, it would have dismissed the indictment because of "irregularities going to the very heart and integrity of the Grand Jury system”. (People v Groh, 57 AD2d 389, 391.) The court stated (p 394) that the Trial Judge "may wish to reconsider his determination should an application be made therefor.”
On reconsideration, Justice Howard Jones dismissed the indictment, under CPL 210.20 (subd 4) and 210.40, with leave to resubmit the charges to a new Grand Jury. The charges were resubmitted to a different Grand Jury of the Extraordinary Term. That Grand Jury returned an indictment charging the defendant with the crimes of grand larceny in the first degree and bribe receiving.
The defendant moves to dismiss the indictment on the grounds that the resubmission was illegal and that the evidence before the Grand Jury was insufficient to warrant an indictment.
Defendant argues that the submission of the previously dismissed charges to the Grand Jury which voted the instant indictment was an unauthorized "third submission” of the same charges to a Grand Jury in violation of CPL 190.75 (subd 3). That paragraph provides: "When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”
Assuming that the original recorded but unfiled dismissal by the first Grand Jury should be deemed a dismissal within the meaning of the first sentence of subdivision 3, and even assuming that the further instructions by the Special Prosecutor and the Justice at the Extraordinary Term constituted a resubmission of the charges, the last sentence of subdivision 3 did not prohibit Judge Jones’ authorization to resubmit the charges to another Grand Jury.
CPL 190.75 specifically applies by title and by content only to dismissals of charges by a Grand Jury. The last sentence of subdivision 3 of that section, in providing that "[i]f in such case the charge is again dismissed, it may not again be submitted to a grand jury” (italics added) clearly refers to a second dismissal by a Grand Jury. Here, the "second presenta *897 tion” resulted not in a dismissal, but in an indictment. Therefore, CPL 190.75 (subd 3) did not prohibit Judge Jones from authorizing resubmission of the charges.
Judge Jones’ authorization to resubmit the charges to another Grand Jury was proper, and, in any event, should not be disturbed by this court. CPL 210.20 (subd 4) permits a court, in its discretion, to authorize resubmission upon dismissing an indictment upon the grounds specified in paragraphs (a), (b), (c) and (i) of subdivision 1 of that section, i.e., that:
"(a) Such indictment or count is defective, within the meaning of section 210.25; or
"(b) The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense; or
"(c) The grand jury proceeding was defective, within the meaning of section 210.35; or * * *
"(i) Dismissal is required in the interest of justice, pursuant to section 210.40.”
If, on the other hand, dismissal is based upon any other ground, such authorization may not be granted. Judge Jones dismissed pursuant to CPL 210.20 (subd 1, par [i]) (dismissal is required in the interest of justice) and specifically authorized resubmission. Defendant argues that paragraph (i) of subdivision 1 was not the correct ground for dismissal, and that CPL 210.20 (subd 1, par [h]) (there exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged) was the proper ground for dismissal. If, indeed, paragraph (h) was the appropriate paragraph, resubmission would have been improper.
However, paragraph (h) was not the proper ground for dismissal of the first indictment. That paragraph would appear to apply prospectively to impediments to conviction upon the indictment, rather than to defects in the indictment or underlying Grand Jury proceedings, which are the subject of other paragraphs of this section. A dismissal may be based upon paragraph (h) only when none of the other eight paragraphs of the statute sufficiently set forth specific grounds for dismissal. In People v Frisbie (40 AD2d 334, 336), the court stated: "Finally, it is clear that paragraph (h) is to be used only when none of the other eight paragraphs sufficiently sets forth a specific defendant’s ground for dismissal.”
*898 Even assuming that dismissal "in the interest of justice” was not the proper ground for dismissal, dismissal was required or authorized under CPL 210.20 (par [c]) (defective Grand Jury proceedings). Therefore, paragraph (h) would not have been the appropriate basis for dismissal.
Although dismissal was couched in terms of the interest of justice, the court was clearly acting upon the strong suggestion of the Appellate Division that the indictment should be dismissed because of "procedural irregularities going to the very heart and integrity of the Grand Jury system”. (People v Groh, 57 AD2d 389, 391, supra.) Both the prosecution and defense had ample opportunity to be heard as to the proper ground which was the actual basis for dismissal and the propriety of resubmission. (Cf. People v Rao, 53 AD2d 904.)
CPL 210.20 (subd 4) permits resubmission of charges "where the defect should not result in foreclosure of further prosecution, but prohibits resubmission where the impediment is of an inherently fatal nature.” (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.20.) It is clear from the record of the proceedings of June 30, 1977, that Judge Jones was convinced that the "defect” attending the first Grand Jury proceedings was not of an inherently fatal nature. (Cf. People v Herskowitz, 80 Misc 2d 693.)
Assuming that a third submission was not barred by CPL 190.75 (subd 3) or 210.20 (subd 4), resubmission in the discretion of the court was authorized by the latter section, and it was not an abuse of discretion to authorize such resubmission. Defendant cites a number of cases to support the proposition that it is an abuse of discretion to authorize resubmission in the absence of "new evidence”. These cases do not support such a proposition.
It is true that the power to direct resubmission should be sparingly and discriminatingly used. (People v Neidhart, 35 Misc 191), and that applications for resubmission should be accompanied by facts in order to permit a proper exercise of discretion. However, the facts that must be shown are not limited to new evidence.
Thus, in Neidhart, the application for resubmission was denied as it appeared that there was no reason for resubmission other than that the District Attorney did not agree with the action of the Grand Jury in dismissing the charges. The court noted, however, that there were no facts to justify the prosecutor’s opinion that the Grand Jury had misunderstood *899 the law. By implication, such a factual showing could be the basis of a resubmission order.
In People v Both (118 Misc 414), the court noted merely that the affidavit in support of the resubmission order was barren of facts to show that there was any reason to resubmit the charges.
In People v Dziegiel (140 Misc 145, 146) it was held that: "such power should not be exercised unless it appears that new evidence has been discovered since the former submission, or it is apparent that the grand jury has failed to give the case a complete and impartial investigation. * * * There is no suggestion in any of the papers before me that the proceedings before the grand jury were in the slightest degree unusual or irregular. * * * the record discloses that the district attorney presented to the grand jury all the evidence that could or can be obtained, and that body gave the matter a searching investigation and most careful consideration.”
Again, by implication, a showing that the proceedings before the Grand Jury were unusual or irregular, or that that body did not give the matter a searching investigation and most careful attention would support a resubmission order.
The minutes of the Grand Jury have been inspected and the evidence presented is legally sufficient to support the charges set forth in the indictment.
Counsel for the defendant have submitted very well researched and ably drawn memoranda in support of the motion. The standard to be applied on motions such as this one is set forth in People v Dunleavy (41 AD2d 717, affd 33 NY2d 573): " 'The test to be applied on a motion to dismiss the indictment for insufficiency of evidence is whether there has been a "clear showing” that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury’ ”.
Applying the foregoing test I cannot find the evidence to be insufficient.
The motions are denied.