opinion of the court
Frederick D. Dugan, J.
Defendant, indicted for the offense of assault in the second degree, the class D violent felony (Penal Law, § 120.05), upon the allegation that on January 1, 1982 he recklessly caused serious physical injury to another by means of a dangerous instrument, a knife, here makes certain omnibus motions to that indictment.
Initially defendant moves to dismiss the indictment on the grounds that the evidence before the Grand Jury was legally insufficient to establish the offense charged or any lesser included offense, that the Grand Jury was not properly and adequately charged on the law applicable and that the prosecutor committed certain enumerated errors.
A motion to inspect Grand Jury minutes is a request by the defendant for the court to examine the stenographic minutes of the Grand Jury proceeding for the purpose of determining whether the evidence before the Grand Jury was legally sufficient. (CPL 210.30, subds 2, 4, par [b]; Matter of Miranda v Isseks, 41 AD2d 176.) Defendant’s motion for the court’s in camera inspection of the Grand Jury minutes is granted.
*50 The proof makes out an altercation between the defendant and the complainant in which the latter was wounded with a bayonet requiring surgery and hospitalization.
The prosecutor instructed the Grand Jury on the elements of three assault offenses, each involving use of a deadly weapon or a dangerous instrument: (1) the intentional act to cause “serious physical injury” (assault, first degree, Penal Law, § 120.10, subd 1), (2) the intentional act to cause “physical injury” (assault, second degree, Penal Law, § 120.05, subd 2), and (3) the reckless act to cause “serious physical injury” (assault, second degree, Penal Law, § 120.05, subd 4; emphasis added).
All three offenses were submitted upon the distinctions defined between serious physical injury and physical injury and the intentional act contrasted to a reckless act.
The defendant testified before the Grand Jury and it was instructed on the defense of justification.
Apparently acting under the impression that a grand juror could only vote for indictment ,on one of the three offenses, none received the required 12 votes and the foreman reported no bill on each offense.
The jury was then charged on assault, third degree, before one of the jurors indicated that after voting on the first charge some jurors didn’t consider the other two charges at all; they felt they couldn’t vote on another charge if they voted for the first one.
When this confusion was clarified they voted again on the second and third charges finding no bill on the second charge and voting a true bill on the third charge, the reckless act causing serious physical injury by means of a dangerous instrument alleged in this indictment, assault, second degree (Penal Law, § 120.05, subd 4).
While it is true that the Grand Jury never formally reported any dismissal to the court (People v Stecker, 141 Misc 417), the charge on assault in the third degree after the no bills on the three assault charges does infer that the jury had no alternative but to indict on some offense, a coercive effect which is not permissible (People v Groh, 57 AD2d 389).
*51 To obviate any confusion in the deliberations of the Grand Jury, the indictment is dismissed (CPL 210.35, subd 5; 210.20, subd 1, par [c]); however, upon the proof before the Grand Jury, the court in its discretion authorizes the prosecutor to resubmit the charges to a Grand Jury without further order of the court (CPL 210.20, subd 4; 190.75, subd 3; People v Groh, 97 Misc 2d 894).
Upon this determination, it is unnecessary to consider the remaining branches or elements of defendant’s motion which are dismissed as moot.
Upon the defendant’s notice of motion dated June 14, 1982 and the supporting documents, the prosecutor’s affidavit in opposition sworn to July 1, 1982 and upon the foregoing, due deliberation having been had, Indictment No. 477-82 is dismissed with leave to the prosecutor to resubmit the charges to a Grand Jury without further order of this court.