■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS TINDAL, Appellant. — Judgment unanimously reversed, on the law, motion to suppress granted and a new trial granted. Memorandum: On appeal from his conviction of rape, first degree, defendant argues that the court erred in its ruling after a hearing on remand (see *People v Tindal,* 92 AD2d 717) that statements made by him to police without the assistance of counsel on June 9, 1978 were admissible. We agree. At the time defendant gave the statements, other charges were pending with respect to which the police knew defendant was represented by counsel. Thus defendant could not effectively waive his right to counsel and his interrogation in the absence of his attorney was not permissible (see *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225). The interrogating officer's testimony that on June 7, 1978, two days before he obtained the admissions, he had been informed by an Assistant District Attorney that the Grand Jury had voted to dismiss the charges pending against defendant, does not change the result; the Grand Jury did not file its report with the empaneling Judge until June 16, 1978 and thus, until that time, the charges were still pending (see CPL 190.75, subd 1; cf. *People v Tinelli,* 99 AD2d 672; see, generally, *People v Stecker,* 141 Misc 417, 418, cited in *People v Groh,* 57 AD2d 389, 393). (Resubmission of appeal from judgment of Supreme Court, Monroe County, Kennedy, J. — rape, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.