■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER R. TINELLI, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: We agree with defendant's contention on appeal from his conviction for criminal sale of a controlled substance, second degree, that he was deprived of his statutory speedy trial rights (see CPL 30.30). The action was commenced on February 21, 1980 by filing a felony complaint. Even accepting the People's position that the postindictment delay is excludable for various reasons, the People are chargeable with the delay from February 25, 1980 (the date set for the preliminary hearing requested by defendant) until August 26, 1980 (the date the Grand Jury filed the indictment with the court), a period of 183 days. The People's assertion, based on affidavits of an Assistant District Attorney and others concerning the Grand Jury deliberations, that the Grand Jury would have reported an indictment on August 20, 1980 if a Judge had been available does not affect the result; no indictment was found until the Grand Jury reported and filed it with the court on August 26, 1980 (see CPL 190.65, subd 3; 200.10; *People v Blake,* 121 App Div 613, 615 affd 193 NY 616; *People v Herrmans,* 69 Misc 303, 308; 2 Zett, NY Criminal Practice, par 9.1; see, generally, 2 Wharton's Criminal Procedure, §§ 238, 239). (Appeal from judgment of Cayuga County Court, Corning, J. — criminal sale of controlled substance, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.