OPINION OF THE COURT
Frederic S. Berman, J.
If, after having heard a case, a Grand Jury votes a no true bill, yet sua sponte votes to reconsider the case, and eventually returns an indictment, is the indictment invalid because *78 the People, prior to such reconsideration, failed to obtain judicial leave to re-present the case under CPL 190.75 (1)?
On or about June 15, 1993, a Grand Jury voted an indictment charging the defendant, Harold Smith, with one count of grand larceny in the fourth degree under Penal Law § 155.30 (5).
Subsequently, in writing, the defendant moved for the dismissal of the indictment under CPL 210.35 (5); 210.20 (1) (c), and 190.75 (3). The defendant claims that the subject indictment was voted after a Grand Jury had dismissed the charge of grand larceny in the fourth degree and after the People had moved for the dismissal of this case in Criminal Court, but before the People had obtained judicial permission to resubmit the dismissed charge to the same or to a different Grand Jury as mandated by CPL 190.75 (3).
In written opposition to the defendant’s motion to dismiss, the People state that the same Grand Jury, which had initially returned a no true bill, sua sponte voted to reconsider the case before the Grand Jury had filed a finding of dismissal under CPL 190.75 (1). In light of these circumstances, argue the People, no judicial authorization to resubmit was required, and therefore the indictment was validly obtained. In support of the People’s position are the minutes pertaining to the Grand Jury presentation of this case, and a record of which grand jurors participated in the hearing of and decision of this matter.
FACTS
On May 25, 1993, the People presented evidence to the third Grand Jury of the May/June 1993 term. On that day, 23 grand jurors heard the case. Also, on that day the People charged the Grand Jury on the applicable law, and requested that this body deliberate and vote on the single charge of grand larceny in the fourth degree (Penal Law § 155.30 [5]). After considering this charge, on May 25, 1993, the Grand Jury voted to dismiss the charge. The assigned prosecutrix was notified of the Grand Jury’s decision.
As a result of this decision, on May 25, 1993 in New York County Criminal Court, Part F, the prosecutrix moved for the dismissal of the felony complaint pertaining to this case. Such motion was granted.
Having not filed a finding of dismissal as required by CPL 190.75 (1), the Grand Jury sua sponte voted to reconsider this *79 case and, ostensibly, notified the prosecutrix of its decision. On May 27, 1993, the assigned prosecutor returned before the same Grand Jury — with 22 of its members present — and the following dialogue transpired:
"[the prosecutor]: I am in here because I was informed that you would like to reconsider the case of People versus Harold Smith, which was originally presented to the grand jury to you on May 25, 1993.
"And I was also informed that you’ve already voted to reconsider that case, is that correct, Mr. Foreman?
"[the foreperson]: Yes, that’s correct.”
The Assistant District Attorney then asked the Grand Jury if they sought reinstruction on the law or testimonial readback. The foreperson indicated that the Grand Jury desired the latter option, specifically, the testimony of the complainant. Subsequently, such readback was provided as well as an additional instruction on the law pertaining to grand larceny in the fourth degree. In addition, the prosecutrix advised the Grand Jury that it had the right to recall the complainant to appear before it.
Thereafter, the Grand Jury voted the indictment at bar.
LAW
The decision on the instant motion turns on whether the People were required by CPL 190.75 (3) to have secured judicial permission to resubmit the grand larceny in the fourth degree charge to the Grand Jury.
CPL 190.75 (Grand Jury; Dismissal of Charge) mandates: "3. When a charge has been [dismissed by a Grand Jury], it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.”
Also under CPL 190.75 (1), after having voted to dismiss a charge against a defendant, a Grand Jury "must, through its foreman * * * file its finding of dismissal with the court by which it was impaneled”, which finding is in practice prepared by the prosecutor and submitted by her to the Grand Jury for eventual execution by the foreperson and the filing with the court.
The defendant’s contention is that the Grand Jury’s sua sponte decision to reconsider the case is tantamount to a prosecutorial resubmission. Under the defendant’s view, such *80 an unauthorized resubmission, without appropriate judicial leave, is a direct violation of CPL 190.75 (3). In support of this contention defendant principally relies on People v Groh (57 AD2d 389 [2d Dept 1977]) and People v Wilkins (68 NY2d 269 [1986]) as controlling and determinative of the outcome of this motion.
In Groh (supra), the Appellate Division, Second Department, dismissed the indictment on the grounds that the prosecutor’s entrance into the Grand Jury room to ascertain why the panel had previously failed to indict, and further offering, together with a Supreme Court Justice, unsolicited instruction on lesser charges resulting in indictment were coercive and improper. Grand Jury minutes revealed that the panel as a whole did not request such further instruction. After being given such instruction the grand jurors were essentially left with the impression that they had no choice but to indict the defendant. Such coercive actions and badgering, the Second Department held, violated the historical notion of the Grand Jury as a body "truly free and independent of outside influences.” (57 AD2d, at 393.)
However, Groh (supra) is clearly distinguishable from the instant case, wherein a "Grand Jury has voted to reconsider the charges sua sponte. ” (57 AD2d, at 393 [citations omitted]; accord, People v Davis, 114 Misc 2d 645 [Sup Ct, Kings County 1982].) Consequently, defendant’s reliance on Groh is misplaced.
Also, the defendant’s reliance on Wilkins (supra) is misplaced. There, the Court of Appeals held that the prosecution’s withdrawal of a case from a Grand Jury prior to its deliberation on the evidence and submission of the same case to a second Grand Jury was the equivalent of a dismissal. Consequently, the Court of Appeals dismissed the indictment ruling that judicial leave was necessary before submitting the case to a second Grand Jury. According to former Chief Judge Wáchtler, the resubmission of the case violated the mandates of CPL 190.75 (3). He found that prejudice to the defendant may have transpired because, given the opportunity to vote upon the matter, the first Grand Jury may have dismissed the case, and additionally, judicial leave to resubmit the case to a second Grand Jury may have been denied. (People v Wilkins, 68 NY2d, at 276.) In reaching its ruling, the Wilkins Court sought to reaffirm the Legislature’s intent to protect grand jurors from "the excesses which flow from domination by a prosecutor” (68 NY2d, at 273), and curb the power of the *81 courts "by limiting the number of * * * resubmissions to one.” (68 NY2d, at 273.) Also, the Court sought to forestall a scenario entailing prosecutorial forum shopping, in which, after having presented evidence to an apparently unfavorable Grand Jury, a prosecutor could, with impunity, withdraw her case from such Grand Jury, and re-present the case to a more favorable Grand Jury. (See, People v Cade, 74 NY2d 410 [1989].)
This court finds neither Groh nor Wilkins (supra) dispositive of the issue in the present case. Here, the same Grand Jury which voted a no true bill elected, sua sponte, to rehear the evidence and itself requested resubmission of the same grand larceny in the fourth degree charge which it had previously rejected. Indeed, the Groh Court would have reached a different result had there been such sua sponte reconsideration. (See, People v Groh, 57 AD2d, at 393.)
Moreover, the facts herein distinguish the present case from one of prosecutorial resubmission. Here the matter was not resubmitted, but rather, reconsidered.
Further, no prejudice accrued to the defendant as a result of the Grand Jury’s action, which was self-initiated. The concerns of prejudice that lay at the heart of the Wilkins decision (supra) have not emerged in this case. The Grand Jury minutes reveal no trace of prosecutorial coercion or impropriety which resulted in the panel’s reversal of its decision to dismiss the indictment. The overriding concerns of Groh and Wilkins (supra), prosecutorial coercion of grand jurors and encroachment upon a Grand Jury’s independent decision making process, are not present here.
That the prosecutrix moved for dismissal of the felony complaint in Criminal Court after the Grand Jury had originally voted a "No True Bill” is not dispositive. In fact, this act serves to underscore the independence of the Grand Jury’s decision to reconsider. Instead of attempting to influence the Grand Jury into overturning its decision, the prosecutrix accepted the Grand Jury’s action and dutifully moved to dismiss the case in Criminal Court. Finally, the dialogue between the prosecutrix and the Grand Jury after she reappeared before it on May 27, 1993, further demonstrates the independent nature of the Grand Jury’s decision.
Thus, because the Grand Jury sua sponte reconsidered this case without any influence from the prosecutrix, the court finds that the integrity of the Grand Jury process was in no way *82 impaired and that no prejudice accrued to the defendant. (CPL 210.35 [5].) And, because this case entailed a sua sponte reconsideration and not a resubmission, no judicial leave to represent was required under CPL 190.75 (3). (People v Davis, 114 Misc 2d 645, supra; see also, People v Groh, 57 AD2d 389, supra.)
However, in reaching today’s decision this court declines to follow the rule that dismissal is not final until a Grand Jury files its finding of dismissal with the court by which it was impaneled. (See, People v Stecker, 141 Misc 417 [Ct of Gen Sessions, NY County 1931].) Rather, the court follows Davis (114 Misc 2d 645, supra) which basically held that, pursuant to CPL 190.75 (3), judicial leave to re-present is required after a Grand Jury has voted to dismiss and before a finding of dismissal has been filed by the Grand Jury with the impaneling court. To rule otherwise would enable prosecutors to skirt CPL 190.75 (3)’s mandates by withholding from a Grand Jury which has voted to dismiss the written finding of dismissal until an indictment is ultimately obtained. Such a scenario runs counter to the concerns expressed in Wilkins (supra).
However, Davis (supra) clearly held that its ruling did not pertain to a case involving a Grand Jury’s sua sponte reconsideration of charges. Thus, it flows from Davis that no judicial permission to resubmit is required in such case; nor was such permission required here.
CONCLUSION
In view of the foregoing, the defendant’s motion to dismiss the indictment is denied in all respects.