OPINION OF THE COURT
Jerome M. Kay, J.
Defendant moves to inspect the Grand Jury minutes and to dismiss the indictment.
In deciding defendant’s motion, the court considered defendant’s motion papers, and the minutes of the proceedings before the Grand Jury. After receiving the minutes, the court sent a letter to both sides requesting they address certain issues. Both sides have complied. The court has also considered the briefs submitted by the parties and oral argument.
After signing a waiver of immunity, the defendant testified before the Grand Jury that on October 30, 1993, he was speaking to a prostitute in the area of Halsey Street and Riversale Avenue when shooting erupted in the area. He dropped to the ground, and while on the ground, he noticed someone drop a gun. Defendant picked the gun up and put it in his waistband in order to prevent children in the neighborhood from finding it. Defendant started to walk away from the area where he found the gun with the intent of turning it over to the police. Before he found a telephone that worked, he was stopped and arrested by the police. Defendant stated that he told the officer that he had the gun on him, and told him of his intent to turn the gun over, but the officer would not "hear” his explanation.
On November 8, 1993, after completing the presentation of evidence before the Grand Jury, and after charging the Grand Jury with general principles of law, the prosecution charged the Grand Jury with presumption of intent to use a weapon contained in Penal Law § 265.15, criminal possession of a *788 weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the second degree. These charges essentially followed the language of the respective Penal Law sections (Penal Law §§ 120.20, 265.03, 265.02 [4]).
After the Grand Jury deliberated, the foreperson announced that it had voted a true bill to criminal possession of a weapon in the second degree, but no true bill as to criminal possession of a weapon in the third degree and reckless endangerment in the second degree.
Later the same day, the prosecutor informed the Grand Jury that she was going to recharge criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree because its vote on those counts was inconsistent with the law. She told the Grand Jury that if it had any questions regarding the difference between the two offenses, it could ask them after she recharged. After the prosecutor recharged, the Grand Jury had no such questions and, following deliberations, returned a true bill for both criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
By order dated March 9, 1994, this court turned over to the defendant a copy of his testimony before the Grand Jury and a copy of the prosecutor’s two charges, and requested that both parties submit briefs on the failure to charge temporary and lawful possession, the effect of CPL 190.75, and whether resubmission should be barred by the no true bill on all counts. Since this order, both sides have submitted briefs and the People have orally conceded that the failure to charge temporary and lawful possession of a weapon was error.
TEMPORARY LAWFUL POSSESSION
The first issue before the court is whether the prosecutor impaired the integrity of the Grand Jury proceedings to the possible prejudice of the defendant by failing to charge the defense of temporary and lawful possession of a weapon.
Because of the different functions of Grand Juries and petit juries, a Grand Jury need not be instructed with the same degree of precision (People v Calbud, Inc., 49 NY2d 389, 394-395). The instruction will be found sufficient "if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally *789 sufficient evidence to establish the material elements of the crime” (People v Calbud, Inc., supra). However, instructions "may not be so misleading or incomplete as to substantially undermine the integrity of the proceeding” (People v Caracciola, 78 NY2d 1021, 1022).
The prosecutor’s duty to instruct the Grand Jury as to defenses turns on the potential for eliminating needless or unfounded litigation (People v Valles, 62 NY2d 36, 38). Mitigating defenses or defenses related to mental disease or defect need not be charged (People v Lancaster, 69 NY2d 20, 29, cert denied 480 US 922). Exculpatory defenses must be charged since, if accepted by the Grand Jury, they would prevent unwarranted prosecution (People v Valles, supra, 62 NY2d, at 39).
The defense of temporary and lawful possession is an exculpatory defense (see, People v Maize, NYLJ, May 31, 1994, at 36, col 5; People v Jose C., 127 Misc 2d 689). The defense is based on the recognition that possession of a weapon might arise "unavoidably from the performance of some lawful act” (People v Williams, 50 NY2d 1043, 1045). In such a case, "[t]he innocent nature of the possession negates both the criminal act of possession and the intent with which the act is undertaken when intent is an element of the crime” (People v Almodovar, 62 NY2d 126, 130). Therefore, it is a complete defense that would entirely forestall prosecution and must be charged if the evidence before the Grand Jury is sufficient to establish the defense (People v Maize, supra; see, People v Mitchell, 82 NY2d 509, 514-515).
To trigger the right to the charge, there must be evidence in the record showing that the defendant had a legal excuse for possessing the weapon, as well as evidence that once obtained, the defendant did not use it in a dangerous manner (People v Williams, supra, 50 NY2d, at 1045, citing People v La Pella, 272 NY 81; People v Persce, 204 NY 397, 402).
Here, defendant alleged that he came into possession of the gun innocently by finding it on the street (see, People v La Pella, supra, 272 NY, at 82-83), but that he was arrested before he could carry out his intention of turning the gun over to the police (People v Thomas, 172 AD2d 572; cf., People v Banks, 76 NY2d 799, 801).
The defendant having presented evidence establishing the defense, the District Attorney was required to charge temporary and lawful possession (People v Mitchell, supra, 82 NY2d, at 514-515).
*790 Since the defense is not evident from the statutory language charged to the Grand Jury, the Grand Jury had no guide to the meaning of defendant’s testimony. Moreover, the Grand Jury’s vote of no true bill, at least on the reckless endangerment count, may reflect acceptance of defendant’s testimony. In this light there exists the possibility of prejudice (see, People v Sayavong, 83 NY2d 702; People v Di Falco, 44 NY2d 482, 487-488). The instructions were so incomplete that they substantially undermined the proceeding and the indictment must be dismissed (People v Caracciola, supra, 78 NY2d, at 1022).
CPL 190.75 VIOLATION
Where a court dismisses an indictment on the ground that the prosecution failed to charge a defense, there is normally no bar to allowing resubmission (CPL 210.20 [4]). However, where a Grand Jury dismisses a charge, resubmission is governed by the requirements of CPL 190.75 (3). Under this section, the presumption is against resubmission (People v Dykes, 86 AD2d 191, 195; People v Martin, 71 AD2d 928, 929; see also, People v Franco, 196 AD2d 357). A decision on the proper standard for resubmission requires this court to determine whether the Grand Jury’s initial vote of no true bill for criminal possession of a weapon in the third degree constituted a dismissal of that charge.
CPL 190.75 (1) provides that the foreman of the Grand Jury must file the vote of dismissal with the court. Here the vote was not filed because the prosecutor was dissatisfied with the vote and resubmitted the charge for reconsideration. This court must decide whether filing of the vote of no true bill is necessary for the vote to constitute a dismissal and thus requiring court approval for resubmission (CPL 190.75 [3]).
Although an older nisi prius court opinion found that filing is required (People v Stecker, 141 Misc 417, 418), more recently, nisi prius courts have rejected Stecker. These courts hold that strict adherence to the filing requirement would allow prosecutors to evade the requirements of court approval by never filing the dismissal and then resubmitting the case. (See, People v Smith, 159 Misc 2d 77, 82; People v Davis, 114 Misc 2d 645, 647; People v DeLio, 75 Misc 2d 711, 713.) As of yet, no appellate court has expressly dealt with the filing requirement in this context. (Cf., People v Tindal, 99 AD2d 661.)
*791 In People v Wilkins (68 NY2d 269), after the prosecution had presented the testimony of all its witnesses, but before it had charged the Grand Jury and before the Grand Jury voted, the prosecution withdrew the case (People v Wilkins, supra, at 271). The Court noted that the Legislature enacted CPL 190.75 (3) in order to check the prosecutor’s domination of the Grand Jury process by requiring court approval for resubmission after a Grand Jury dismisses the charge (People v Wilkins, supra, 68 NY2d, at 273). In addition, the Court stated that the statute must be interpreted to carry out this policy, which " 'should not be nullified by a narrow technical construction which would * * * destroy its spirit’ ” (People v Wilkins, supra, at 275, quoting People ex rel. Flinn v Barr, 259 NY 104, 109). The Court reasoned that the prosecutor could defeat the purpose of the statute by withdrawing all but open and shut cases and resubmitting them after further preparation or to a more compliant Grand Jury (People v Wilkins, supra, at 275). Consequently, the Court deemed the unilateral withdrawal the equivalent of a dismissal requiring court approval for resubmission. (People v Wilkins, supra; see also, Matter of McGinley v Hynes, 75 AD2d 897, revd on other grounds 51 NY2d 116, cert denied 450 US 918.)
Since the withdrawal in Wilkins (supra) occurred before any action by the Grand Jury, the Grand Jury did not vote to dismiss or file a notice of dismissal with the court. If the prosecutor’s withdrawal of a case without a vote or filing of a dismissal by the Grand Jury can constitute a dismissal, a vote of no true bill by the Grand Jury that is not filed should also constitute a dismissal.
Further, the purpose of filing the dismissal is to insure that a public record of the dismissal is made, and to protect against unjustified resubmission. (Matter of Knight, 176 Misc 635, 636-637.) This purpose suggests that filing is a ministerial act that is not central to finding a dismissal.
People v Cade (74 NY2d 410) also supports the conclusion that filing is a ministerial act and not necessary to giving finality to a Grand Jury’s decision. In Cade, the Grand Jury voted a true bill on April 3, 1987. (Supra, at 413.) Before the Grand Jury filed the indictment with the court, on April 9, 1987 it voted to vacate the indictment at the request of the District Attorney. (Supra, at 414.) After the District Attorney presented additional evidence, the Grand Jury voted a second true bill that it filed with the court. The Court rejected the *792 argument that the Grand Jury’s failure to file the initial vote of true bill (CPL 190.65 [3]) constituted a dismissal of the charges by pointing out that the Grand Jury had found the evidence sufficient by its April 3rd vote. (Supra, at 416.) If the vote of a true bill rather than the filing of the true bill determines whether the Grand Jury has accepted the People’s evidence, by the same token the vote of no true bill rather than its filing should determine its rejection of the People’s case. (See, supra, at 414; People v Franco, supra, 196 AD2d, at 362.)
Thus, where the prosecutor submits the charges for a revote without a sua sponte request by the Grand Jury (see, People v Groh, 57 AD2d 389, 393; People v Smith, supra, 159 Misc 2d, at 82), the court should deem the vote of no true bill a dismissal even if it has not been filed with the court. Therefore, this court finds the Grand Jury’s vote of no true bill for criminal possession of a weapon in the third degree was a dismissal requiring court approval under CPL 190.75 (3) for resubmission.
RESUBMISSION
As a dismissal by the Grand Jury, the People must show some ground for resubmission other than disagreement with the Grand Jury’s vote, such as showing the availability of new evidence, showing that the Grand Jury failed to give the case a "complete and impartial investigation” or showing that it acted in an "otherwise * * * irregular manner” (People v Dykes, supra, 86 AD2d, at 195; People v Martin, supra, 71 AD2d, at 929; see also, People v Washington, 125 AD2d 967). Although the Court in Dykes did not explain what it meant by "irregular manner”, several nisi prius courts have held that an apparent misunderstanding of the law by a Grand Jury is a legitimate reason for court-ordered resubmission. (See, People v Ayala, 115 Misc 2d 49, 51; People v Davis, supra, 114 Misc 2d, at 652; People v Groh, 97 Misc 2d 894, 898-899.)
If the Grand Jury misunderstood the law, its finding of no true bill is not based on a rejection of the People’s proof, but on the misunderstanding (see, CPL 190.75 [1]; People v Dykes, supra, 86 AD2d, at 195). A vote based on a misunderstanding deprives the People of the right to have the matter considered within the law. Since the People have been deprived of this right, the Grand Jury decision does not deserve the finality afforded a decision based on the law. Court-ordered resubmis *793 sion in such a case is appropriate to insure that the Grand Jury, the body responsible for determining the sufficiency of the People’s case, decides the sufficiency based on the proper law. (See, People v Loughlin, 76 NY2d 804, 807 [Kaye, J., dissenting] [resubmission to the jury is appropriate because the jury is where guilt or innocence is decided].)
In the trial context, jury confusion as to the law can be evidenced by verdicts that are factually or legally inconsistent. (People v Loughlin, supra, 76 NY2d, at 806; People v Abreu, 184 AD2d 707, 710.) If the votes on two counts are inconsistent, there is no way to determine the intent of the jury on either count (People v Robinson, 45 NY2d 448, 452-453; People v Salemmo, 38 NY2d 357, 361). When faced with factually or legally inconsistent votes, the trial court should resubmit the inconsistent counts before accepting the verdict in order to resolve the inconsistency and to insure that the jury reaches a verdict in accordance with the law (CPL 310.50 [2]; People v Loughlin, supra, 76 NY2d, at 806; People v Robinson, supra, 45 NY2d, at 452-453; People v Abreu, supra, 184 AD2d, at 710). These same concerns should govern a court’s decision to resubmit an inconsistent vote of the Grand Jury. As inconsistent votes show a misunderstanding of the law, they are a reason for resubmission other than "dissatisfaction” with the Grand Jury’s vote. (People v Dykes, 86 AD2d 191, 196, supra.)
Here the People presented evidence that defendant possessed a loaded firearm on a street and fired it in the air. Defendant admitted that he possessed a weapon, but denied firing it. He asserted that he had found it on the street and intended to turn it over to the police. He made no claim that he possessed the weapon at his home or place of business.
In light of this evidence, the Grand Jury’s vote of a true bill for criminal possession of a weapon in the second degree is a finding that defendant possessed a loaded firearm with the intent to use it unlawfully against another. (Penal Law § 265.03.) The vote of no true bill for criminal possession of a weapon in the third degree is a finding that he did not possess the loaded firearm. Since there was no evidence that defendant possessed the loaded firearm at his home or place of business, the exception to criminal possession of a weapon in the third degree excusing possession at a defendant’s home or place of business does not apply. (Penal Law § 265.02 [4].) Therefore, the votes are factually inconsistent, since the defendant cannot both possess and not possess the same loaded *794 firearm. Although the votes are not legally repugnant (see, People v Tucker, 55 NY2d 1, 7; People v Aezah, 191 AD2d 312, 313), this factual inconsistency provides a ground for resubmitting criminal possession of a weapon in the second and third degrees. (See, People v Loughlin, supra, 76 NY2d, at 806; People v Abreu, supra, 184 AD2d, at 710; see also, People v Dykes, supra, 86 AD2d, at 185-186; People v Ayala, supra, 115 Misc 2d, at 51; People v Groh, supra, 97 Misc 2d, at 898-899.)*
The defendant’s motion to dismiss is granted, and the indictment is dismissed with leave for the People to resubmit criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
Before resubmitting the charges, the District Attorney shall give the defendant 10 days’ notice of a date to appear and testify before the Grand Jury.
The same securing order as previously ordered shall continue. (CPL 210.45 [9].)

 That the prosecutor based the second representation on this ground does not justify that resubmission. It is the court’s, not the prosecutor’s responsibility to determine the appropriateness of resubmission after a vote of "no true bill” by the Grand Jury. (See, CPL 190.75 [3]; People v Davis, 114 Misc 2d 645, 648, supra; People v Spann, NYLJ, Oct. 11, 1988, at 26, col 3.)