[651 NYS2d 253]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GULBERTO MONTANEZ, Respondent.

Third Department, December 26, 1996

### APPEARANCES OF COUNSEL

*Gerald F. Mollen, District Attorney* of Broome County, Binghamton *(Joseph F. Romani* of counsel), for appellant.

*Levene, Gouldin & Thompson,* Binghamton *(Scott R. Kurkoski* of counsel), for respondent.

### OPINION OF THE COURT

WHITE, J.

As a result of an incident in the Village of Endicott, Broome

County, on September 8, 1995, defendant was arrested and charged with robbery in the second degree. On October 17, 1995 the case was presented to the Grand Jury and seven witnesses, including defendant and his girlfriend, testified. In addition, defendant's statement to the Endicott police was received in evidence. After being instructed as to the law regarding robbery in the second degree and assault in the third degree, the Grand Jury voted no bill on the robbery charge and directed that a prosecutor's information be filed on the assault charge. After the vote was taken, the Assistant District Attorney who presented the case reviewed the vote sheet and indicated either surprise or displeasure by shaking his head, exhaling and walking out of the room, without comment to the grand jurors. The finding was not filed at that time and on the following day the Grand Jury on its own initiative requested to speak with the District Attorney. He appeared before them and a juror expressed concerns about the vote in this matter and an unrelated case. The District Attorney then advised the jurors generally of their duties and functions and unequivocally stated they should feel no pressure to vote for an indictment and that any comments made by others would be improper and should have no bearing on their decision. Several days later as a result of questions among themselves, the Grand Jury requested that the Assistant District Attorney recall the complainant for further testimony and that they be reinstructed on the law. This was done and at the conclusion of its deliberations the Grand Jury voted to indict defendant on the charges of robbery in the second degree and assault in the third degree. This indictment, No. 95-612, was returned on October 25, 1995 and, upon motion of defendant, County Court dismissed the robbery count, holding that the Assistant District Attorney's conduct resulted in or contributed to the Grand Jury's desire to reconsider this matter and thus the integrity of the proceeding was impaired to defendant's prejudice with respect to the first count of the indictment.

Historically there was no limit to the power of the prosecutor to resubmit charges to the same or a different Grand Jury. To curb the possible abuse of this power by prosecutors, legislation and case law have sharply curtailed the ability of the District Attorney to resubmit matters without prior court approval (*see, People v Wilkins,* 68 NY2d 269; *see also,* CPL 190.75 [1] [3]). In addition, a prosecutor cannot unilaterally withdraw a case from the Grand Jury before it has an opportunity to vote (*see, People v Wilkins, supra*), although there is no prohibition against a prosecutor obtaining a superseding indictment without court authorization where the Grand Jury has voted favorably on the charges (*see, People v Cade,* 74 NY2d 410, 415). It is also clear that there is no impediment to an indict-

ment being voted where the Grand Jury, *sua sponte*, elects to rehear the evidence (*see, People v Groh*, 57 AD2d 389, 393).

The primary concern is that the Grand Jury act independently and there be no impermissible coercion or overreaching by the District Attorney which might impair the integrity of the Grand Jury (*see, People v McCreary*, 186 AD2d 1070, 1071, *lv denied* 80 NY2d 1028). Here we find a sharply divided Grand Jury which, after taking several votes which were blacked out in the record, voted a no bill by a 12 to 10 margin and then initiated a request to recall the victim and to reconsider the case, with no request from the prosecutor that this be done. The record reveals that when recalled, the victim was extensively questioned by the jurors, who asked approximately 150 questions, while the Assistant District Attorney did not participate other than to clarify certain dates and respond to several questions from jurors regarding legal issues.

Based on the record before us we find that there was no abuse of power by the District Attorney's office and no attempt to improperly resubmit this matter for another vote (*see, People v Gervasi*, 213 AD2d 420, 421). The Grand Jury requested to rehear certain evidence without any coercion on the part of the prosecutor (*see, People v Smith*, 159 Misc 2d 77, 81) and since the record shows that this was a *sua sponte* reconsideration by the Grand Jury and not a resubmission requested by the District Attorney, the indictment should be allowed to stand.

MIKOLL, J. P., CREW III, CASEY and PETERS, JJ., concur.

Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.