OPINION OF THE COURT
 

 Wesley, J.
 

 
 *692
 
 The issue before us is whether a Grand. Jury may, without court permission pursuant to CPL 190.75 (3), reconsider its vote of a no true bill under circumstances which incontrovertibly indicate prosecutorial involvement in the Grand Jury’s deliberative process. We conclude that it may not.
 

 On September 8, 1995, defendant and two other men went to the apartment of Lee Cornell in the Village of Endicott and allegedly beat him up and took money from him. Defendant was arrested and charged with second degree robbery. The case was initially presented to a Grand Jury on Tuesday, October 17, 1995. The Broome County Assistant District Attorney who presented the case instructed the Grand Jury on second degree robbery, and also petit larceny and third degree assault as lesser included offenses. After three preliminary votes, the Grand Jury voted 12 to 10 that a no true bill be filed on the robbery charge, and directed that a prosecutor’s information be filed on the assault charge. A vote sheet indicating the vote was given to the Assistant District Attorney. Upon receiving the sheet the Assistant (who acknowledged later that he was "surprised” by the vote) shook his head and walked out of the room in apparent disbelief.
 

 Although the Grand Jury had voted a no true bill on the robbery charge (and indeed, defendant’s counsel had been so advised
 
 [1]
 
 ) the vote was never filed as a finding of dismissal under CPL 190.75 (1). The following day the District Attorney spoke to the Grand Jury at its request, and at least one of the jurors expressed disapproval of the Assistant’s reaction to their vote. After a juror asked whether any charges could be revoted, the District Attorney advised the jurors that they could reconsider any vote that had not been handed up, including all charges from the previous day.
 

 One week later, on October 24, 1995, the Grand Jury asked that Mr. Cornell be recalled for further testimony so that the jurors might reconsider their previous vote.
 
 [2]
 
 The following day, October 25, Mr. Cornell testified again, and the prosecutor resubmitted the second degree robbery charge to the Grand
 
 *693
 
 Jury. The prosecutor also recharged the jury with correct instructions on third degree assault. Thereafter, the Grand Jury revoted the case and indicted defendant for second degree robbery and third degree assault.
 

 Defendant moved to dismiss the indictment under CPL 210.20 and 210.30 on the ground that the Assistant District Attorney’s conduct caused the Grand Jury to reconsider its vote without court authorization. The prosecutor did not cross-move to resubmit the charges pursuant to CPL 190.75 (3). The court dismissed the indictment, but allowed the assault charge to go forward under a prosecutor’s information as initially voted by the Grand Jury. The court found that "[t]he inference is overwhelming that irrespective of any alleged comment, and notwithstanding the intended or unintended meaning ascribed to [the prosecutor’s] physical gestures, his conduct resulted in, or contributed to, the Grand Jury’s desire to reconsider their action on the charge.” The court held that the Grand Jury’s reconsideration was not
 
 sua sponte,
 
 and that the prosecutor’s actions had impaired the integrity of the proceedings to the defendant’s prejudice
 
 (see,
 
 CPL 210.35 [5]). The District Attorney appealed.
 

 The Appellate Division reversed, holding that there was no abuse of power by the District Attorney’s office, and that the Grand Jury’s decision to reconsider had not been made at the request of the District Attorney, but rather was
 
 sua sponte.
 
 Leave to appeal was granted by a Judge of this Court. We now reverse the Appellate Division, dismiss the indictment without prejudice to the People’s authority to seek leave to resubmit the robbery charge, and allow the assault charge to go forward under a prosecutor’s information as originally voted by the Grand Jury.
 

 ANALYSIS
 

 CPL 190.75 (3) prohibits the District Attorney, without leave of court, from resubmitting a charge that has been previously dismissed by the Grand Jury. The statute was enacted to curb abuses that resulted from the common-law rule that allowed prosecutors to resubmit charges to successive Grand Juries ad infinitum until one voted an indictment
 
 (People v Wilkins,
 
 68 NY2d 269, 273). Today, District Attorneys are allowed only one bite at the apple; if unsatisfied with the Grand Jury’s dismissal of a charge, they must seek leave of court to resubmit the matter. Leave may be granted only once, and the District Attorney is required to justify resubmission
 
 (see,
 
 Preiser, Practice Com
 
 *694
 
 mentarles, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75, at 349). The question here is whether the Grand Jury’s vote must be deemed a dismissal of the charge because of the prosecutor’s intervention, so as to preclude resubmission without leave of Court.
 

 In
 
 People v Wilkins (supra)
 
 this Court held that CPL 190.75 barred resubmission of a case where the prosecutor had presented the case to the Grand Jury, but withdrew it prior to the Grand Jury’s vote on the charges. We concluded that, under the circumstances of that case, the prosecutor’s withdrawal was the equivalent of a dismissal by the Grand Jury for purposes of CPL 190.75 (3)
 
 (People v Wilkins, supra,
 
 68 NY2d, at 275). To have sanctioned the tactic utilized by the District Attorney would have undermined the independence of the Grand Jury and run afoul of the policy of curbing potential prosecutorial excess embodied by that provision
 
 (id.,
 
 at 275276).
 

 Similar concerns are not present, however, when the Grand Jury votes to dismiss a charge and then
 
 sua sponte
 
 decides to reconsider the matter before filing. Several courts in this State have held that a Grand Jury may reconsider a dismissal which has not been filed, so long as the decision to reconsider is truly
 
 sua sponte (see, People v Neal,
 
 231 AD2d 470;
 
 People v Smith,
 
 159 Misc 2d 77). A truly
 
 sua sponte
 
 reconsideration violates neither the letter nor the spirit of CPL 190.75. As the court in
 
 People v Smith
 
 noted, a self-initiated reconsideration by the Grand Jury does not undermine the policies underlying CPL 190.75 (3). Since the reconsideration is not prompted by the prosecutor, there is no possibility of prosecutorial overreaching; the integrity and independence of the Grand Jury is not impugned.
 

 Moreover, so long as the Grand Jury has not filed its vote through its agent the District Attorney, there is no final finding of dismissal under CPL 190.75 (1). That provision is directory only, and imposes no time limit upon the obligation to file a finding of dismissal
 
 (People v Cade,
 
 74 NY2d 410, 416). Although there was a local practice in Broome County of filing the results of the Grand Jury’s work at the end of each week, the Grand Jury was not required to do so.
 

 However, when the Grand Jury’s reconsideration is not
 
 sua sponte,
 
 but the result of prosecutorial intervention in its deliberations, the statute comes into play
 
 (see, People v Groh,
 
 57 AD2d 389;
 
 see also, People v Wesley,
 
 161 Misc 2d 786). The
 
 *695
 
 distinction which the courts have drawn between
 
 sua sponte
 
 reconsideration by the Grand Jury and reconsideration at the behest of the prosecutor is a sensible one, and is consistent with the policies underlying CPL 190.75. Once the Grand Jury has indicated its rejection of the People’s evidence
 
 (see, People v Cade, supra),
 
 then the customarily unfettered prosecutorial discretion in dealing with the Grand Jury is checked by the necessity of judicial authorization to resubmit. The prosecutor may not unilaterally intervene in the proceedings in any manner which causes or contributes to the Grand Jury’s decision to reconsider its action.
 

 In this case, the record unassailably indicates that the prosecutor’s reaction to the Grand Jury’s dismissal vote was a substantial factor in the Jury’s reconsideration of the robbery charge, and accordingly the Appellate Division erred as a matter of law in concluding that the Grand Jury’s reconsideration was
 
 sua sponte.
 
 We agree with the trial court that the prosecutor’s motivation, or lack of bad faith, is irrelevant
 
 (see, People v Wilkins, supra,
 
 68 NY2d, at 275). The inference is undeniable that the prosecutor’s action upon receiving the initial vote sheet contributed to the Grand Jury’s decision to reconsider its prior action. Therefore resubmission of the robbery charge violated the prerequisite of CPL 190.75 (3).
 

 Accordingly the order of the Appellate Division should be reversed and the case remitted to County Court for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . The apparently unauthorized disclosure of the Grand Jury’s vote is most troubling (see, Penal Law § 215.70; CPL 190.25 [4] [a]) but did not serve as the basis for the decision in the courts below.
 

 [2]
 

 . The practice in Broome County is to hand up all indictments voted by the Grand Jury during a given week at the end of the week. Thus, the no true bill would have normally been filed prior to the recalling of Cornell to testify. The record is silent with regard to why this practice was not followed in this case.