*322 OPINION OF THE COURT
John M. Leventhal, J.
Defendant moves to dismiss or in the alternative to reduce the charges contained in the indictment. The People oppose the motion. The court in deciding this motion has considered defendant’s notice of motion, the opposition of the People, the minutes of an application held before the Honorable Betsy Barros, and the minutes of the Grand Jury.
For the reasons set forth below, defendant’s motion is denied.
History
Defendant was arrested for allegedly assaulting Renee Thomas. On October 2, 2000 defendant was arraigned on a felony complaint. The People began to present the matter to a Grand Jury empaneled from September 11, 2000 through October 9, 2000. On October 4, 2000, video testimony of the complaining witness was presented to the Grand Jury. On that date the Grand Jury was presented with the charge of attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. The Grand Jury returned a no true bill on the attempted murder charge and issued an indictment on the other two charges. At that time the People advised that at a later date additional evidence and charges would be presented.
Later that day, the arresting officer testified concerning the condition of the complaining witness.
On October 5, 2000 the Grand Jury was presented with hospital records setting forth the injuries sustained by the complaining witness. The Grand Jury was then presented with charges of assault in both the first and third degrees.
The Grand Jury minutes reveal that during the course of its deliberations, the Assistant District Attorney presenting the case was called back by the foreperson. The foreperson advised the People that they (the Grand Jury) were upset about their vote from the previous day. The foreperson maintained that had they heard all of the evidence, before voting on the attempted murder charge, the vote may have been different. The Assistant District Attorney advised the Grand Jury that they could only consider the charges just presented before them and that he would have to see a Judge regarding the earlier charges.
Thereafter, the People brought an oral ex parte application before Justice Betsy Barros for permission to resubmit the at *323 tempted murder charge to the Grand Jury. Justice Barros granted the People’s application and permitted the People to resubmit this charge. The charge of attempted murder in the second degree was resubmitted to the Grand Jury and a true bill returned. The indictment was signed by the foreperson and filed on October 27, 2000.
Defendant asserts that the People improperly resubmitted the attempted murder charge to the Grand Jury. He maintains that the People did not obtain leave to resubmit the charge and that, if they did, it should have been done on notice to the defendant.
Legal Analysis
Once a Grand Jury has dismissed a criminal charge, it cannot be resubmitted unless authorized by the court (CPL 190.75 [3]). The court, within its discretion, may permit the People to resubmit charges to the same or a different Grand Jury (People v Washington, 125 AD2d 967). A vote to dismiss a charge is not final until it has been filed with the court (People v Montanez, 90 NY2d 690).
The purpose of the legislation requiring leave of the court prior to resubmitting a charge was to prevent prosecutorial abuse (People v Wilkins, 68 NY2d 269). The requirement that the People obtain leave to resubmit was designed to curb prosecutors from resubmitting charges to a Grand Jury simply because they were not satisfied with the Grand Jury’s vote.
The Court of Appeals has indicated that compliance with CPL 190.75 might not be necessary if the Grand Jury sua sponte decides to reconsider a vote, prior to the filing of a dismissal (People v Montanez, 90 NY2d 690, supra). The Court in People v Montanez (supra, at 694) noted:
“[sjeveral courts in this State have held that a Grand Jury may reconsider a dismissal which has not been filed, so long as the decision to reconsider is truly sua sponte * * * A truly sua sponte reconsideration violates neither the letter nor the spirit of CPL 190.75.”
CPL 190.75 is silent on whether an application for leave to resubmit must be made on notice to defendant. Although defendant maintains he must be provided with notice and an opportunity to be heard, he provides no authority for this proposition. In fact, a basis for the argument that such an application may be brought ex parte is found in People v Dykes (86 AD2d 191). In Dykes, the Appellate Division noted that an ex parte *324 application for leave to resubmit had been made. Although the Appellate Division ultimately rejected the reasons proffered for resubmission to the Grand Jury, it did not note that an ex parte application was inappropriate.
In the case at bar, the record is clear that the People did in fact obtain leave of the court to resubmit the charge of attempted murder to the Grand Jury. Since there is no requirement that an application to resubmit be made on notice to the defendant, the ex parte application of the People was in fact proper. Further, the defendant is afforded the protection by being able to move to dismiss the indictment (or portions thereof) should he believe the reasons offered to resubmit are insufficient (People v Guerra, 65 NY2d 60).
This court has reviewed the minutes of the Grand Jury and the ex parte proceeding. There exists sufficient cause to allow resubmission.
This matter also rises to the level of being classified as a sua sponte reconsideration by the Grand Jury of its prior vote, negating even the necessity of leave of the court {People v Neal, 231 AD2d 470). It was the.Grand Jury that requested on its own to reconsider and it was done prior to the filing of the no true bill.
Defendant also maintains that the indictment must be dismissed because it was signed by the foreperson and filed after the expiration of the Grand Jury’s term. In order to decide this question, the court must look to CPL article 190 as it “contains extensive and detailed provisions affecting the manner in which the Grand Jury is to operate.” (People v Williams, 73 NY2d 84, 88.) A Grand Jury is impaneled for a term of a superior court. The superior court may extend the term of court and the existence of the Grand Jury to a specified future date upon a timely declaration of both the Grand Jury and District Attorney that such Grand Jury has not completed or will not be able to complete certain business before it (CPL 190.15 [1]; see also 22 NYCRR 200.13 [Uniform Rules for Courts Exercising Criminal Jurisdiction]). Here the Grand Jury concluded its business of hearing the presentation of evidence, being instructed on the law and voting on the charges prior to the expiration of its term.
CPL article 190, entitled “The Grand Jury and Its Proceedings,” does in fact refer to the foreperson of the Grand Jury and certain of her duties {see CPL 190.20 [3] [appointment of foreperson]; 190.25 [2] [administration of oath to witnesses by foreperson]; 190.50 [5] [b] [foreperson must be notified of *325 defendant’s request to appear]; 190.65 [3] [foreperson must file indictment with impaneling court]; 190.70 [1], [2] [foreperson must file and sign direction to District Attorney to file prosecutor’s information with impaneling court]; 190.71 [c] [foreperson must file Grand Jury’s request to transfer a charge to Family Court]).
CPL article 200, entitled “Indictment and Related Proceedings,” deals with the form and contents of the indictment, and how it may be amended or superseded. The foreperson’s only duties with regard to the indictment itself is to sign it and file it (see CPL 200.50 [8]; 190.65 [3]; 200.10). The provision requiring the filing of the indictment with the court is merely directory and imposes no time limits. (People v Cade, 74 NY2d 410; Dawson v People, 25 NY 399, 405-406). While an indictment must be signed by the foreperson (People v Cooper, 241 AD2d 553, lv denied 90 NY2d 1010; People v Miller, 75 Misc 2d 1), there are similarly no time constraints for this ministerial act. The acts of signing and filing an indictment are done by the foreperson on behalf of and as a representative of the Grand Jury after the fact finding and the deliberative functions have been fully performed. These tasks do not require the Grand Jury to vote, to hear and to consider evidence, or to even meet as a body. No extension of a Grand Jury’s term need be sought for the foreperson to sign and to file an indictment. The purpose of the requirement under CPL 200.50 (8) for the foreperson to sign an indictment is to authenticate it. It is not a part of the indictment itself (Brotherton v People, 75 NY 159; People v Serpico, NYLJ, Dec. 19, 1999, at 34, col 2).
Even assuming, arguendo, that the acts of signing and filing the indictment constitute business of the Grand Jury required to be completed prior to the end of the term, the indictment sub judice is nonetheless valid as these acts were at the very least those of a de facto Grand Jury (Pesner v County Ct., 42 AD2d 275, affd sub nom. Matter of Seidenberg v County Ct., 34 NY2d 499; People v Heller, 122 Misc 2d 991; People v Heller, 120 Misc 2d 85). Any failure to extend the term of the Grand Jury, assuming it ought to be extended, “is only a technical error which would not result in dismissal unless there is a showing of prejudice and that the fundamental integrity of the Grand Jury process had been impaired (see CPL 210.35 [5]; People v Williams, 73 NY2d 84, 90)” (People v Soto, 163 AD2d 889). It is well settled that it is “the over-all intention of the CPL * * * to discourage technical defenses to indictments which do not affect the merits of a particular case.” (Seidenberg *326 v County Ct., 34 NY2d, at 509, supra).* There has been no prejudice to the defendant in this matter.
Finally, the court has reviewed the minutes of the Grand Jury. The evidence adduced before the Grand Jury was legally sufficient to establish the finding of each and every count of the indictment. The Assistant District Attorney correctly charged the Grand Jury with respect to the applicable law. The charges are not duplicitous.
Accordingly, motion to dismiss, or, in the alternative, to reduce the indictment is denied. Defendant’s request for a hearing on the propriety of the People’s request for permission to resubmit the charge of attempted murder to the Grand Jury is also denied.

 See People v Colebut (86 Misc 2d 729) for citations to cases where technical irregularities in the composition of the Grand Jury went undisturbed. “The historical development of the form of indictment presently used in New York exemplifies a continuing attempt to eschew formalism and ritual in favor of a more realistic approach to the basic requirements of a valid indictment.” (People v Iannone, 45 NY2d 589, 595.)