■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTINEZ, Appellant. [33 NYS3d 898]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered August 5, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second drug felony offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.

The court properly exercised its discretion in granting the People's motion to resubmit the charge to a second grand jury, since "[t]he fact that after the first submission there were insufficient votes to either indict or dismiss was a legitimate reason for a new submission" (People v Pryor, 5 AD3d 222, 223 [1st Dept 2004], lv denied 3 NY3d 661 [2004]; see also People v Credle, 17 NY3d 556, 562 [2011]). Moreover, the court's exercise of discretion was independently supported by the People's "showing that new evidence ha[d] been discovered" (People v Jones, 206 AD2d 82, 86 [1st Dept 1994], affd 86 NY2d 493 [1995]).

Although "[e]x parte proceedings are undesirable, and they should be rare" (People v Carr, 25 NY3d 105, 111 [2015]), defendant was not deprived of his right to counsel by the ex parte filing of the People's affirmation in support of that motion and the court's order granting the motion, given that defense

counsel received notice of the People's intention to move to resubmit the charge, and counsel repeatedly objected to the motion (*see People v Taylor*, 187 Misc 2d 321, 323-324 [Sup Ct, Kings County 2001]; *People v Ladsen*, 111 Misc 2d 374, 377 [Sup Ct, NY County 1981]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. An officer's delay in recovering a bag of cocaine after observing it was satisfactorily explained and does not warrant a finding that the events described by the officer were inherently implausible. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.